**McMANIMON, SCOTLAND**
 **& BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, NJ 07068
(973) 622-1800
Richard D. Trenk (rtrenk@msbnj.com)
Robert S. Roglieri (rroglieri@msbnj.com)

*Proposed Counsel for The Diocese of Camden, New Jersey,*
*Chapter 11 Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF CAMDEN, NEW JERSEY, | Case No. 20-21257 (JNP) |
| Debtor. | |

**MOTION FOR AN ORDER AUTHORIZING THE DIOCESE TO FILE PORTIONS OF SCHEDULE F, THE MASTER CREDITOR MAILING MATRIX, AND OTHER PLEADINGS AND DOCUMENTS UNDER SEAL**

TO:    THE HONORABLE JERROLD N. POSLUSNY, JR.
       UNITED STATES BANKRUPTCY JUDGE

The Diocese of Camden, New Jersey, Chapter 11 debtor and debtor-in-possession (the "Diocese"), by and through its proposed undersigned counsel, hereby moves before this Court for entry of an order substantially in the form submitted herewith authorizing the Diocese to file under seal portions of Schedule E/F and the Master Creditor Mailing Matrix, and to seek approval to file under seal any additional pleadings in this chapter 11 case that may contain Confidential Information (as defined below) on an expedited basis (the "Motion"). In support of this Motion, the Diocese respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. The statutory predicates for the relief sought in this Motion are sections 105 and 107 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 1007, 9018 and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. The Diocese filed its voluntary chapter 11 petition on October 1, 2020 (the "Petition Date").

4. The Diocese continues to maintain its operations to fulfill its mission and manage its affairs as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in this case.

5. The Diocese is a Roman Catholic diocese of the Latin Church in New Jersey consisting of sixty-two (62) parishes and approximately 486,368 Catholic parishioners in the six (6) southern New Jersey counties of Atlantic, Camden, Cape May, Cumberland, Gloucester, and Salem. The Diocese is a not for profit religious corporation organized under the laws of the State of New Jersey.

6. A more detailed history and description of the Diocese and its operations, together with the reasons for its chapter 11 filing, are set forth in the First Day Declaration of Rev. Robert E. Hughes, Vicar General [ECF 3] and the First Day Declaration of Laura Montgomery [ECF 4], which are incorporated herein as if set forth in their entirety.

## THE CONFIDENTIAL INFORMATION

7. Many of the unsecured creditors in this Chapter 11 Case are individuals whose claims against the Diocese are premised on allegations of abuse ("Abuse Claimants"). Some Abuse Claimants (the "Abuse Plaintiffs") have filed tort claims against the Diocese following the passage of amendments to New Jersey's statute of limitations. Many, but not all, of the Abuse Plaintiffs have elected to file their litigation claims against the Diocese under pseudonyms, with their real identity to be revealed only to the defendants in the course of litigation and with the understanding that their identities would not be publicly disclosed. Other Abuse Claimants are non-litigants who contacted the Diocese pre-petition, either with or without the assistance of counsel, and asserted claims of abuse with the understanding that the Diocese would protect their identities and keep their claims confidential. The Diocese has previously entered into settlements with some of those Abuse Claimants where the Diocese agreed to keep the Abuse Claimant's name confidential but did not require the Abuse Claimant to keep the settlement confidential.

8. In light of the delicate nature of the claims of the Abuse Plaintiffs and other Abuse Claimants, to avoid causing unnecessary additional anguish or embarrassment, and to encourage such individuals to feel safe and secure in advancing their claims without fear of retribution or reprisal, the Diocese submits that it would be inappropriate and potentially harmful to require the public disclosure of: (i) identifying information relating to individuals who have, either informally, formally, or through filing a lawsuit, notified the Diocese of allegations of abuse by clergy members or other persons employed by Catholic entities or otherwise subject to Diocesan supervision; (ii) information relating to the specific allegations of abuse asserted by

3

any of the Abuse Claimants; or (iii) information relating to confidential settlements of abuse claims (collectively, the "Confidential Information").

9. As described below, the Diocese has been operating under confidentiality restrictions for some time, and believes that it is imperative that the decision to come forward and identify oneself as an Abuse Claimant be left to the individuals in question, and that such accommodations can be made without adversely affecting the rights of any other parties in interest.

## RELIEF REQUESTED

10. The Diocese seeks permission to protect the identities of Abuse Plaintiffs and other Abuse Claimants while providing them notice of this chapter 11 case and notice of such events and motions as is required by the Bankruptcy Code and applicable Bankruptcy Rules. The Diocese further seeks to share names and contact information for Abuse Plaintiffs and other Abuse Claimants with the Court and Bankruptcy Clerk under seal. It is proposed that the Abuse Plaintiffs and those Abuse Claimants currently represented by counsel be given notices in the Diocese's chapter 11 case only through their respective counsel. The Diocese, through this motion, seeks leave of the Court to serve notice of this chapter 11 case, and other requisite notices, directly on Abuse Claimants who have advised the Diocese of potential claims but have not yet identified counsel, without disclosing those Abuse Claimants' names or addresses to other parties. The Diocese believes that it has contact information for some, but not all, of these Abuse Claimants.

11. The Diocese requests in this Motion that the Court enter an order:

    a. Authorizing the Diocese to file under seal portions of Schedule F and an unredacted copy of the Master Creditor Mailing Matrix, and to seek approval to file under seal any other pleadings, reports or other documents that might be filed from time

4

to time in this chapter 11 case, that, if made publicly available, would disclose any of the Confidential Information, on an expedited basis;

      b.      Authorizing the Diocese to publicly file redacted copies of the Master Creditor Mailing Matrix and Schedule F so as to eliminate Confidential Information from those documents;

      c.      Authorizing the Diocese to identify, schedule and notify Abuse Plaintiffs and other Abuse Claimants who are represented by counsel by and through their counsel on Schedule F and the Master Creditor Mailing Matrix;

      d.      Authorizing the Diocese to provide copies of the sealed portions of any such pleadings, reports or documents to the Office of the United States Trustee, as necessary, and authorizing the United States Trustee to use such documents in the discharge of its duties and obligations, including but-not limited to solicitation and appointment of any committee under 11 U.S.C. § 1102 but as protected by 11 U.S.C. § 107(c)(3);

      e.      Authorizing the Diocese to provide sealed reports, documents and pleadings to counsel for any committee appointed under 11 U.S.C. § 1102 who has been retained pursuant to Court approval, but only after confidentiality procedures are agreed upon between the Diocese and counsel for any such committee;

      f.      Authorizing the Diocese to file a full and complete unredacted copy of the mailing matrix above (the "<u>Confidential Mailing List</u>") with the Court to be held under seal pending further order of the Court;

      g.      Providing that notwithstanding any applicable rule to the contrary, the relief granted under the order shall be immediately effective and enforceable upon entry; and

      h.      Providing that any order granting the relief requested in this Motion is without prejudice to any future determined confidentiality protocol regarding filing proofs of claim and objections to proofs of claim.

## **BASIS FOR RELIEF REQUESTED**

12.    The relief sought herein is designed to protect the confidential nature of sensitive information relating to Abuse Claimants and confidential settlement terms and to allow the Diocese to file necessary pleadings with respect to commencement of this chapter 11 case and comply with applicable requirements of disclosure required by the Bankruptcy Code and the Bankruptcy Rules.

5

13. The Diocese respectfully submits that it should be authorized to file documents that contain Confidential Information under seal. The Diocese acknowledges that the general policy regarding access to information in bankruptcy proceedings favors openness. See In re Farmland Indus., Inc., 290 B.R. 364, 367 (Bankr. W.D. Mo. 2003). However, that policy is subject to certain express statutory limitations set forth in section 107 of the Bankruptcy Code which provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
>> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c) (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of ...unlawful injury to the individual or the individual's property:
>
>> (A) any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

11 U.S.C. § 107.

14. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code[.]

Fed. Bankr. P. 9018. Similarly, Bankruptcy Rule 9037 provides for filings to be redacted or filed under seal where they contain the name or other identifying information of individuals, other than the debtor, known to be and identified as a minor, and provides for protective orders

directing redaction or limitations on access to other information for cause. See Fed R. Bankr. P. 9037(a), (c) and (d).

15. The Ninth Circuit has observed that the language of section 107(b)(2) is mandatory and requires the bankruptcy court, upon request by the affected person or party, to issue a protective order with respect to matters that are scandalous or defamatory. Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop of Portland in Oregon), 661 F.3d 417, 430-431 (9th Cir. 2011). The Ninth Circuit further held in Father M. that "scandalous" must be given its plain meaning for purposes of section 107(b)(2), and that a matter is "scandalous" if it is "disgraceful, offensive, shameful and the like." Id. at 432. The court went on to hold explain that "[u]nder the common usage of the word, allegations that a priest has sexually abused children are most assuredly 'scandalous' . . . ." Although Father M. addressed the issue from the perspective of clergy members seeking to protect themselves from being mislabeled as perpetrators, the Diocese respectfully submits that, unless an Abuse Claimant wishes to come forward and tell their story to the world, the public suggestion that an individual is a victim of such abuse is sufficiently intrusive into that person's personal privacy as to make the matter "scandalous" within the meaning of section 107(b)(2).

16. The Diocese acknowledges that some courts have found mere reputational damage or the perceptions of third parties to be insufficient to merit a protective order under section 107(b)(2). See, e.g., Neal v. Kansas City Star (In re Neal), 461 F.3d 1048, 1054 (8th Cir. 2006) (holding that former judge's listing of attorneys as creditors should be made publicly available where "[p]otential scandal only surfaces when one looks 'outside the lines' of the bankruptcy proceeding . . . and speculates as to motives of the creditor and the debtor."). However, in contrast to cases such as Neal where the mere disclosure of an individual's identity,

7

without more, did not imply anything other than a standard debtor-creditor relationship, in the present case there is simply no way to identify the Abuse Claimants without at the same time disclosing to the world that such individuals were allegedly the victims of abuse, information which is by its very nature inherently personal and painful and which, regrettably, still carries a stigma for many victims. Accordingly, the Diocese submits that the Confidential Information should be protected from disclosure not only under section 107(b)(2) of the Bankruptcy Code, but also pursuant to section 107(c) in order to avoid the potential for any further injury to Abuse Claimants by way of harassment, retaliation, or otherwise. Consistent with section 107(c)(3) of the Bankruptcy Code, the Diocese proposes to provide the office of the United States Trustee with access to all documents filed in this chapter 11 case, subject to the United States Trustee'' obligation not to disclose any information specifically protected by Court Order.

17. Filing the Confidential Information under seal is additionally supported by Bankruptcy Rule 1007(j), which provides:

> (j) Impounding of Lists. On motion of a party in interest and for cause shown the court may direct the impounding of lists filed under this rule, and may refuse to permit inspection by any entity. The court may permit inspection or use of lists, however, by any party in interest on terms prescribed by the court.

Fed. R. Bankr. P. 1007(j). The Diocese respectfully submits that sufficient cause exists here to justify the relief requested in this Motion pursuant to Rule 1007(j).

18. The Diocese proposes that only Abuse Plaintiffs who have already filed suit will be identified on public matrices and schedules, and they will be identified only by their counsel and in the manner that they listed in their respective summons and complaints (i.e., those Abuse Plaintiffs who filed suit in their true name will be identified as such, those who filed suit under a pseudonym will be identified only by that pseudonym.) On all schedules and matrices filed

under seal, Abuse Plaintiffs and other Abuse Claimants will be identified by their true name to the extent it is known to the Diocese.

19. In addition to the filing of the Master Creditor Mailing Matrix under seal, the Diocese will file a redacted version of the Master Creditor Mailing Matrix on the docket for use by other parties seeking to provide notice in this chapter 11 case.

20. Relief similar to that requested in this Motion has been requested and granted in a number of other diocesan cases on similar facts. See In re Archbishop of Agana, Case No. 19-00010 (Bankr. D. Guam., January 18, 2019) [Docket No. 45]; In re Roman Catholic Church of the Archdiocese of Santa Fe, Case No. 18-13027 (Bankr. D. N.M., Dec. 4, 2018) [Docket No. 31]; In re The Diocese of New Ulm, Case No. 17-30601 (Bankr. D. Minn. March 7, 2017) [Docket No. 29]; In re Diocese of Duluth, Case No. 15-50792 (Bankr. D. Minn, Dec. 17, 2015) [Docket No. 24]; In re The Archdiocese of Saint Paul and Minneapolis, Case No. 15-30125 (Bankr. D. Minn., Jan. 1, 2015) [Docket No. 53]; In re Roman Catholic Church of the Diocese of Gallup, Case No. 13-13676 (Bankr. D. N.M., Nov. 25, 2013) [Docket No. 63]; In re The Catholic Bishop of Spokane, Case No. 04-08822 (Bankr. E.D. Wash., Dec. 6, 2004) [Docket No. 18]; In re The Roman Catholic Church of the Diocese of Tucson, Case No. 04-04721 (Bankr. D. Az., Sept. 27, 2004) [Docket No. 35].

### **NOTICE**

21. No trustee, examiner, or committee of unsecured creditors has been appointed in the Diocese's chapter 11 case. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Diocese's twenty largest unsecured creditors; (iii) all secured creditors; (iv) all Abuse Plaintiffs; and (v) those parties who filed a notice of appearance and request for service of pleadings in this chapter 11 case pursuant to

Bankruptcy Rule 2002, if any. In light of the nature of the relief requested herein, the Diocese submits that no other or further notice is required.

## CONCLUSION

**WHEREFORE,** the Diocese respectfully requests that this Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Diocese such other and further relief as the Court deems just and proper.

> **McMANIMON, SCOTLAND
> & BAUMANN, LLC**
> *Proposed Counsel for Debtor and Debtor-in-Possession, The Diocese of Camden, New Jersey*
>
>
> By:  */s/ Richard D. Trenk*
>   RICHARD D. TRENK

Dated: October 1, 2020