UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**McMANIMON, SCOTLAND
& BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, NJ 07068
(973) 622-1800
Richard D. Trenk (rtrenk@msbnj.com)
Robert S. Roglieri (rroglieri@msbnj.com)

*Proposed Counsel for The Diocese of Camden,
New Jersey, Chapter 11 Debtor and Debtor-in-
Possession*

Order Filed on October 2, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF CAMDEN, NEW JERSEY, | Case No. 20-21257 (JNP) |
| Debtor. | Hearing Date and Time:<br>October 2, 2020 at 1:00 p.m. |

**INTERIM ORDER (I) AUTHORIZING THE DIOCESE TO
CONTINUE AND MAINTAIN ITS EXISTING CASH
MANAGEMENT SYSTEM, BANK ACCOUNTS AND
BUSINESS FORMS; (II) MODIFYING THE INVESTMENT
GUIDELINES; (III) PROVIDING THE UNITED STATES
TRUSTEE WITH A 60-DAY OBJECTION PERIOD; AND
(IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED.**
 **DATED: October 2, 2020**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

(Page 2)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Interim Order (i) Authorizing the Diocese to Continue and Maintain its Existing Cash Management System, Bank Accounts and Business Forms; (ii) Modifying the Investment Guidelines; (iii) Providing the United States Trustee with a 60-Day Objection Period; and (iv) Granting Related Relief |

Upon the motion (the "Motion")[1] of The Diocese of Camden, New Jersey, Chapter 11 debtor and debtor-in-possession (the "Diocese"), by and through its proposed counsel, McManimon, Scotland & Baumann, LLC, for entry of interim and final orders (i) authorizing the Diocese to continue and maintain its existing cash management system, bank accounts and business forms, (ii) modifying the investment guidelines set forth in section 345 of the Bankruptcy Code, (iii) providing the United States Trustee with a 60-day objection period, and (iv) granting related relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED that:**

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to such term in the Motion.

(Page 3)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Interim Order (i) Authorizing the Diocese to Continue and Maintain its Existing Cash Management System, Bank Accounts and Business Forms; (ii) Modifying the Investment Guidelines; (iii) Providing the United States Trustee with a 60-Day Objection Period; and (iv) Granting Related Relief |

2.      Pending the return date below, the Diocese is hereby authorized to maintain and continue its existing Cash Management System and Bank Accounts.

3.      Pending the return date below, the requirements of section 345(b) of the Bankruptcy Code are hereby waived, on an interim basis, for the next sixty (60) days, as to the Diocese's Bank Accounts.

4.      If the U.S. Trustee does not file a written objection within sixty (60) days from the date hereof, or such additional time as may be extended through consent of the Diocese and the U.S. Trustee or by order of the Court for "cause," the Diocese shall be authorized to maintain and utilize the Cash Management System and Bank Accounts on a permanent basis, without compliance with the investment guidelines set forth in section 345(b) of the Bankruptcy Code. If the U.S. Trustee files an objection within the sixty (60) day period, as the same may be extended, the Court shall schedule the matter for a hearing. In such event, the Diocese shall be authorized to maintain the Cash Management System and Bank Accounts, and shall be excused from opening new debtor-in-possession accounts, pending further Order of the Court.

5.      Pending the return date below, the banks and financial institutions at which the Bank Accounts are maintained, including, without limitation, the Bank Accounts identified in **Exhibit A** attached hereto, are authorized to continue to: (i) service and administer such accounts as accounts of the Diocese as debtor-in-possession without interruption and in the usual and ordinary course in accordance with all applicable deposit agreements, (ii) accept and honor all representations from the Diocese, which may be relied upon by the banks and financial institutions

(Page 4)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Interim Order (i) Authorizing the Diocese to Continue and Maintain its Existing Cash Management System, Bank Accounts and Business Forms; (ii) Modifying the Investment Guidelines; (iii) Providing the United States Trustee with a 60-Day Objection Period; and (iv) Granting Related Relief |

without liability as to third parties, as to which checks, drafts, wires or transfers, should be received, honored, processed and paid, and (iii) receive, process, honor and pay any and all checks, drafts, wires and transfers drawn on the Bank Accounts by entities authorized to issue instructions with respect thereto, to the extent sufficient funds are available.

6.      Pending the return date below, the Banks are specifically authorized and instructed to honor and pay all checks, drafts, wires and transfers drawn on the Bank Accounts in accordance with all applicable deposit agreements (subject to funds availability), regardless of whether such checks, drafts, wires and transfers were made prepetition or postpetition.

7.      Pending the return date below, the Diocese is authorized to use, in their present form, all correspondence and Business Forms, other than post-petition checks, which shall bear either a "DIP" or "debtor-in-possession" designation to the extent possible, without reference to the Diocese's status as debtors in possession; provided that in the event the Diocese generates new Business Forms during the pendency of this chapter 11 case, such Business Forms shall include a legend referring to the Diocese as a "DIP." The Diocese shall advise the Banks immediately to restyle the Bank Accounts as "Debtor-In-Possession" Accounts.

8.      Pending the return date below, the Diocese is authorized to open any additional postpetition accounts with a bank or financial institution and to close any existing account(s) as the Diocese may deem necessary and appropriate, and the banks and financial institutions are authorized to honor the Diocese's requests to open or close, as the case may be, such accounts or additional accounts; provided, however, that and any new accounts shall be designated debtor-in-

(Page 5)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Interim Order (i) Authorizing the Diocese to Continue and Maintain its Existing Cash Management System, Bank Accounts and Business Forms; (ii) Modifying the Investment Guidelines; (iii) Providing the United States Trustee with a 60-Day Objection Period; and (iv) Granting Related Relief |

possession accounts and shall be opened with a bank or financial institution that has or will execute a depository agreement in a form acceptable to the U.S. Trustee.

9.    Notice of the opening of any postpetition account with a bank or financial institution or closing of any existing or postpetition accounts shall be provided by the Diocese to the U.S. Trustee within ten (10) business days after such opening or closing.  The U.S. Trustee will have 14 days from receipt of such notice to file any objection with regard to the opening or closing of a Bank Account, or such later date as may be extended by the Court or agreed to between the Debtor and the U.S. Trustee.

10.    The Diocese is directed to maintain records of all transfers within the Cash Management System so that all transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Diocese prior to the Petition Date. The Diocese is further directed to maintain its books and records so as to provide a clear line of demarcation between prepetition and postpetition transactions and operations.

11.    Pending the return date below, the banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Diocese any amounts resulting from chargebacks, returned checks or other returned or reversed items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

(Page 6)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Interim Order (i) Authorizing the Diocese to Continue and Maintain its Existing Cash Management System, Bank Accounts and Business Forms; (ii) Modifying the Investment Guidelines; (iii) Providing the United States Trustee with a 60-Day Objection Period; and (iv) Granting Related Relief |

12.    Pending the return date below, the banks are authorized to charge, and the Diocese is authorized to pay, honor, or allow, prepetition and postpetition fees, costs, charges, and expenses, whether such items were deposited prepetition or postpetition, in the ordinary course of business and consistent with prepetition practices.  Any such postpetition fees, costs, charges, and expenses that are not so paid shall be entitled to priority as administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code.

13.    Pending the return date below, the Diocese is authorized to make disbursements from the Bank Accounts other than by check.

14.    Pending the return date below, the Diocese is authorized to continue to use its credit cards in the ordinary course of business in accordance with the applicable agreements and to pay all amounts owed by the Diocese thereunder, whether arising prepetition or postpetition and PNC Bank is authorized to debit the appropriate account when such payments are due in accordance with the credit card agreement.  Any unpaid balance due under the Credit Card Agreement for postpetition charges that is not secured by the Credit Card Collateral shall be treated as an administrative expense pursuant to 11 U.S.C. § 364(a).

15.    Nothing herein (a) modifies or amends the credit card agreements, or (b) affects PNC Bank's right to renew or not renew the credit card agreements in accordance with the terms thereof.

(Page 7)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Interim Order (i) Authorizing the Diocese to Continue and Maintain its Existing Cash Management System, Bank Accounts and Business Forms; (ii) Modifying the Investment Guidelines; (iii) Providing the United States Trustee with a 60-Day Objection Period; and (iv) Granting Related Relief |

16.     The Office of the United States Trustee and the Official Committee of Unsecured Creditors, if any, shall have sixty (60) days from entry of the within Order to review the Diocese's existing Bank Accounts and raise any issues respecting the Bank Accounts.

17.     For banks at which the Diocese holds bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of New Jersey,  within fifteen (15) days of the date of entry of this Order, the Diocese shall (a) contact each bank, (b) provide the bank with each of the Diocese's employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a  bankruptcy case, and provide the case number.

18.     For banks at which the Diocese holds bank accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of New Jersey, the Diocese shall use their good-faith efforts to cause the Bank to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the Bank is unwilling to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee are fully reserved.

19.     Nothing in this Order shall prejudice the Debtor's right to seek recovery of any payments from any payee of a check as permitted under section 547, 548, 549 or any other applicable provision of the Bankruptcy Code or applicable non-bankruptcy law.

(Page 8)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Interim Order (i) Authorizing the Diocese to Continue and Maintain its Existing Cash Management System, Bank Accounts and Business Forms; (ii) Modifying the Investment Guidelines; (iii) Providing the United States Trustee with a 60-Day Objection Period; and (iv) Granting Related Relief |

20.     Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

21.     The Court shall hold a further interim hearing on **October 7, 2020 at 10:00 a.m.**

22.     The Diocese shall serve a copy of this Order by first class mail upon each Bank set forth in the Motion within three (3) business days of the date hereof.

23.     To the extent applicable, the notice requirements of Bankruptcy Rule 6004(a) are hereby waived.

24.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

25.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

26.     The Diocese is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

27.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

(Page 9)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Interim Order (i) Authorizing the Diocese to Continue and Maintain its Existing Cash Management System, Bank Accounts and Business Forms; (ii) Modifying the Investment Guidelines; (iii) Providing the United States Trustee with a 60-Day Objection Period; and (iv) Granting Related Relief |

28.     This Court shall retain exclusive jurisdiction to hear and decide any and all disputes

related to or arising from the implementation, interpretation or enforcement of this Order.

**Exhibit A**

**List of Bank Accounts**

| Banking Institution | Account Number | Type of Account |
|---|---|---|
| PNC Bank, N.A. | XXXXXX5329 | Lay Defined |
| PNC Bank, N.A. | XXXXXX8225 | Igbo Catholic |
| PNC Bank, N.A. | XXXXXX6476 | Catholic Strong |
| PNC Bank, N.A. | XXXXXX1941 | New Jersey Payroll |
| PNC Bank, N.A. | XXXXXX8769 | Catholic Star Herald |
| PNC Bank, N.A. | XXXXXX8777 | Brazil Mission |
| PNC Bank, N.A. | XXXXXX8785 | Sacred Heart Res |
| PNC Bank, N.A. | XXXXXX8793 | Campus Ministry |
| PNC Bank, N.A. | XXXXXX8814 | Health Insurance |
| PNC Bank, N.A. | XXXXXX8822 | Black Catholic Ministries |
| PNC Bank, N.A. | XXXXXX8857 | Cemeteries |
| PNC Bank, N.A. | XXXXXX8873 | House of Charity |
| PNC Bank, N.A. | XXXXXX8881 | Revolving Fund |
| PNC Bank, N.A. | XXXXXX8902 | Lay Pension |
| PNC Bank, N.A. | XXXXXX8929 | Priest Pension |
| PNC Bank, N.A. | XXXXXX8937 | PNC Operating |
| PNC Bank, N.A. | XXXXXX8945 | Billing |
| PNC Bank, N.A. | XXXXXX5635 | CREDO |
| PNC Bank, N.A. | XXXXXX8118 | Est of Thomas A Guenther |
| PNC Bank, N.A. | XXXXXX0477 | Catholic Social Services |
| TD Bank, N.A. | XXX-XXX9393 | TD Operating |
| TD Bank, N.A. | XXX-XXX3393 | Payroll Account |
| Ocean First Bank | XXXXXX0068 | Gift Annuity Account |
| BB&T Bank | XXXXXX1763 | Diocese of Camden Bishops Foundation |
| BB&T Bank | XXXXXX1755 | Diocese of Camden G.I.F.T. |

4841-6780-0525, v. 1