**D'ARCY JOHNSON DAY, P.C.**
Peter W. Smith, Esq.
3120 Fire Road, Suite 100
Egg Harbor Township, New Jersey 08234
609.641.6200
PSMITH@DJDLAWYERS.COM

*Attorneys and Co-counsel for Claimants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:*<br><br>THE DIOCESE OF CAMDEN, NEW JERSEY,<br>Debtor. | Chapter 11<br><br>Case No. 20-21257 (JNP) |

**RESERVATION OF RIGHTS RE: D'ARCY JOHNSON DAY, P.C. AND MATTHEWS & ASSOCIATES' VERIFIED RULE 2019 DISCLOSURE**

D'Arcy Johnson Day, P.C. and Matthews & Associates ("Claimants' Counsel") submit this Reservation of Rights re: D'Arcy Johnson Day, P.C. and Matthews & Associates' Verified Disclosure pursuant to Federal Rule of Bankruptcy Procedure 2019 ("Rule 2019") in connection with a Joint Motion to Compel Claimants Attorneys to Submit Disclosures Required by Rule 2019, Doc. No. 1311 (the "Motion") states as follows:

1. Claimants' Counsel and, in one combination or another, several other law firms jointly represent the Sexual Abuse Claimants ("Claimants") listed in Exhibit A attached hereto. The law firms involved as to each Claimant, as well as the fee percentage to be received by each law firm, is also provide in Exhibit A. The location of each law firm identified in Exhibit A is as follows:

   a. D'Arcy Johnson Day, P.C., 3120 Fire Road, Suite 100, Egg Harbor Township, New Jersey;

   b. Matthews & Associates, 2905 Sackett Street, Houston, Texas;

c. Freese & Goss, PLLC, 3500 Maple Avenue, Suite 1100, Dallas, Texas;

d. Pulaski Law Firm, PLLC, 2925 Richmond Avenue, Suite 1725, Houston, Texas;

e. Ferrer Poirot & Wansbrough, 2603 Oak Lawn Avenue, Suite 300, Dallas, Texas;

f. The Schroeder Firm, LLC, 138 33rd Avenue South, Jacksonville Beach, Florida;

g. Shapiro Legal Group, 60 East 42nd Street, Suite 4600, New York, New York;

h. Robin Raynish, PLLC, 1805 Park Street, Houston, Texas.

2. Due to confidentiality, each Claimant listed in Exhibit A has been identified only by his or her Sexual Abuse Survivor Proof of Claim ("POC") number. The names and addresses of the Claimants are available to permitted parties who have executed a confidentiality agreement and have access to the POC Forms. (Confidentiality Order dated February 3, 2021).

3. Pursuant to individual fee agreements, Claimants' Counsel were retained by each Claimant listed in Exhibit A to pursue claims for damages against the Diocese of Camden, New Jersey as a result of childhood sexual abuse. This includes representing and acting on behalf of each Claimant in the bankruptcy case. An exemplar blank retainer agreement providing the terms under which Claimants' Counsel and the other law firms listed in Exhibit A were retained is attached hereto as Exhibit B. D'Arcy Johnson Day, P.C. was added as local counsel by the Claimants under a separate Consent to Associate Counsel. An exemplar blank Consent to Associate Counsel is attached hereto as Exhibit C.

4. Claimants' Counsel's interest relative to each Claimant is outlined in the exemplar retainer agreement, the Consent to Associate Counsel, and Exhibit A attached hereto.

5. As of the date of this statement, each Claimant maintains an individual economic interest against the Debtor Diocese of Camden, New Jersey that has been disclosed in the POC Forms or will be disclosed in the future.

6. Considering the above, Motion is now moot as said Rule 2019 Disclosure Statement has been filed. Claimants' Counsel reserve all rights to contest any relief that the Insurer's and/or Debtor and/or Debtor entities may seek that exceeds the limited boundaries and requirements of Rule 2019.

7. Pursuant to Rule 9011(e) of the Federal Rules of Bankruptcy Procedure, in Exhibit D attached hereto, Pedro "Peter" de la Cerda verifies under penalty of perjury that the foregoing statements are true and correct to the best of his knowledge, information and belief.

Dated: April 7, 2022

**D'ARCY JOHNSON DAY, P.C.**

By: ***/s/ Peter Smith***

Peter W. Smith, Esq.
3120 Fire Road, Suite 100
Egg Harbor Township, NJ 08234
609.641.6200
PSMITH@DJDLAWYERS.COM

*Attorneys and Co-Counsel for Claimants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing document was filed electronically with the Court and sent electronically by the courts CM/ECF system to all counsel of record.

Dated: April 7, 2022

***/s/ Peter W. Smith***
Peter W. Smith

EXHIBIT A

| POC NUMBER | LAW FIRMS (AND FEE PERCENTAGES) |
|---|---|
| 504 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (30%), Freese & Goss, PLLC (30%), and Pulaski Law Firm, PLLC (30%) |
| 499 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (30%), Freese & Goss, PLLC (30%), and Pulaski Law Firm, PLLC (30%) |
| 497 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (20%), Freese & Goss, PLLC (20%), Ferrer Poirot & Wansbrough (30%), and The Schroeder Firm, LLC (20%) |
| 515 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (30%), Freese & Goss, PLLC (30%), and Pulaski Law Firm, PLLC (30%) |
| 508 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (20%), Freese & Goss, PLLC (20%), Ferrer Poirot & Wansbrough (30%), and The Schroeder Firm, LLC (20%) |
| 500 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (20%), Freese & Goss, PLLC (20%), Ferrer Poirot & Wansbrough (30%), and The Schroeder Firm, LLC (20%) |
| 498 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (20%), Freese & Goss, PLLC (20%), and Ferrer Poirot & Wansbrough (50%) |
| 511 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (42.5%), Freese & Goss, PLLC (42.5%), and Robin Raynish, PLLC (5%) |
| 501 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (30%), Freese & Goss, PLLC (30%), and Pulaski Law Firm, PLLC (30%) |
| 510 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (30%), Freese & Goss, PLLC (30%), and Pulaski Law Firm, PLLC (30%) |
| 509 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (30%), Freese & Goss, PLLC (30%), and Pulaski Law Firm, PLLC (30%) |
| 503 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (30%), Freese & Goss, PLLC (30%), and Pulaski Law Firm, PLLC (30%) |
| 507 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (30%), Freese & Goss, PLLC (30%), and Pulaski Law Firm, PLLC (30%) |
| 512 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (42.5%), Freese & Goss, PLLC (42.5%), and Shapiro Legal Group (5%) |
| 502 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (45%), and Freese & Goss, PLLC (45%) |
| 513 | D'Arcy Johnson Day, P.C. (10%), Matthews & Associates (42.5%), Freese & Goss, PLLC (42.5%), and Robin Raynish, PLLC (5%) |

EXHIBIT B

**MATTHEWS & ASSOCIATES**
**Contract and Power of Attorneys**

I, ________________________, (Client), hereby constitute, appoint and employ MATTHEWS & ASSOCIATES of 2905 Sackett, Houston, Texas 77098, FREESE & GOSS, PLLC, of 3500 Maple Ave, Ste. 1100, Dallas, Texas 75219, and ___________ ("Attorneys"), on ____________ (date), in Houston, Texas.

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

## I. PURPOSE OF REPRESENTATION

Client hereby fully employs Attorneys on a contingent fee basis to manage and handle, as deemed necessary, all claims and causes of action, suit or suits, that may grow out of the same, against any wrongful party, and to prosecute said causes for and on Client's behalf, with or without suit, and to recover all damages and compensation to which Client may be entitled as well as to compromise and settle all claims arising out of the client's claims of child sexual abuse against the Catholic Church/Catholic Diocese/Catholic Priest, other catholic religious organization or school or the Boy Scouts of America, and any member, employee or agent of such organization.

Client agrees that although Attorneys will investigate and evaluate Client's possible claim(s) against Catholic Church/Catholic Diocese/Catholic Priest other Catholic religious organization or school or Boy Scouts of America and any member, employee or agent of such organization, as well as against any other potentially liable party as Attorneys deems appropriate, Attorneys reserves the right not to pursue those claims on Client's behalf that Attorneys deems to be of insufficient merit or not otherwise in Client's best interests.

Client and Attorneys further agree that if, after investigation of the facts and research of the law, Attorneys believes that Client's claims, in general, are of insufficient merit, Attorneys may terminate this agreement with Client and said termination will release Attorneys from any further action on Client's claim, and discharge Attorneys from this employment agreement. Termination will be effected via priority mail to the last address provided by Client to Attorneys.

## II. ATTORNEYS' FEES

If Attorneys recover compensation for you, which is greater than your costs and expenses, you owe Attorneys a legal fee. The fee will be based on a percentage of the net recovery. The net recovery is the total recovered on your behalf, minus your costs and expenses, and minus any interest included in a prejudgment pursuant to R. 4:42-11(b). The fee will be as follows:

33-1/3% of the first $750,000.00 net recovery;
30% of the next $750,000.00 net recovery;
25% of the next $750,000.00 net recovery;
20% of the next $750,000.00 net recovery,
Fees on net recoveries exceeding $2,000,000.00 will be determined by the court.



______
Initials

Matthews & Associates, Freese & Goss, PLLC, and ___________ will assume joint responsibility for representation of the Client in this matter. The referral arrangement will in no way change the total Attorneys' fee paid by Client as specified in this contract. This is merely an agreement between Attorneys of the division of the total percentage of Attorneys' fees collected. The division of any Attorneys' fees earned are as follows: Matthews & Associates will collect a legal fee of ____ of the total fees earned; Freese & Goss, PLLC will collect a legal fee of ____ of the total fees earned; and ___________ will collect a legal fee of ____ of the total fees earned.

Attorneys reserve the right to refer this Action to associate other competent counsel in connection with this claim.

Attorneys will be financially compensated by the Client ONLY if a recovery is made.

Client grants Attorneys all liens permitted by Texas law on any recovery by Client arising out of the above-specified ingestion or incident, whether by way of settlement, judgment, or other basis. In the event that Attorneys assigned an undivided interest is determined to be unenforceable in any way, Client agrees to pay Attorneys the amount(s) specified above as Attorneys' fees for this representation. The Attorneys' assigned interest or contingent fee shall be computed on the total recovery prior to deductions for costs, expenses, medical liens, or other disbursements.

If a settlement includes future or periodic annuity payments to client, Attorneys fees will be paid out of the initial cash payment. The basis for the Attorneys fees will be the total value of the entire settlement, if the value can be determined after reasonable efforts. If the value cannot be determined, the basis will be the present value of the settlement.

## III. <u>COURT COSTS AND EXPENSES</u>

In the course of handling litigation it is necessary to incur expenses. Examples of these expenses include, but are not limited to, court costs (including filing fees, mediation fees, and subpoenas), deposition and video costs, expert witnesses expenses, meeting expenses, investigation expenses, witness expenses, transportation costs, photography costs, photocopy and exhibit costs, fax and postage costs, research expenses, long distance telephone costs, delivery services, and the costs of obtaining relevant medical records. Client understands that Attorneys may from time to time, use separate entities in which Attorneys may have an indirect financial interest to obtain and review medical records necessary for the prosecution of Client's claim, as well as provide expert witness opinions regarding Client's injury(ies). Client understands that rates charged by such separate entities will be market rates and that such charges will be borne by the Client.

Expenses and court costs incurred by Attorneys in the handling of this matter will be deducted from the total recovery, before deduction of Attorneys' fees. If no recovery is made, there will be no fees or expense reimbursements due to Attorneys by Client.

Additionally, Client understands that Attorneys may incur certain expenses that jointly benefit multiple claims against the same Defendant(s). Client agrees that Attorneys may divide



______
Initials

such expenses between benefited claimants either by per capita share based on number of claimants or by pro rata share based on each claimant's percentage of the total group recovery.

## IV. REIMBURSEMENT/LIEN ISSUES

Client understands that Attorneys may be required, on behalf of Client, to satisfy any Medicare, Medicaid, private insurance, and/or hospital and medical liens on Client's recovery at the time of settlement. Satisfaction of these amounts will be from Client's share of the recovery. Client agrees to keep Attorneys informed of the nature and extent of all bills, liens and related correspondence from any health care provider or insurance company. Client agrees that, if it is likely to be cost-effective for Client, Attorneys may retain specialized lien counsel/experts to assist with, and expedite, the resolution of Client's liens, with the costs of such lien resolution assistance to be paid out of Client's share of the recovery, to the extent permitted by law.

## V. GOVERNMENT BENEFITS ISSUES

Client understands that any verdict or settlement might adversely affect some forms of public assistance that Client may receive, including need-based government benefits such as Social Security, Medicare, Medicaid, food stamps, subsidized housing, etc. Client understands that Attorneys do not represent Client for purposes of applying for, obtaining, or protecting Client's ongoing receipt of such benefits; rather, Client understands that the purpose of this section is to inform Client of the potential impact that verdict or settlement may have on Client's eligibility for present or future government benefits. Client understands that Client must explore with appropriate specialists his or her options to preserve those benefits before receiving a recovery, whether by verdict or settlement, or that Client's options to do so might be compromised.

## VI. RECOVERY

Client authorizes Attorneys to collect or receive all recoveries by way of settlement, judgment, or other basis. Attorneys is authorized to deposit all recoveries in Attorneys' client trust account, to retain the agreed percentage as Attorneys' fees, to reimburse Attorneys for costs and expenses incurred as referenced above, to notify client of any medical, insurance, and/or government benefits liens to be resolved and, subject to the appropriate resolution of any medical, insurance, and/or government benefits liens, to disburse the remainder of Client's share of the proceeds to Client.

## VII. COOPERATION OF CLIENT

Client shall keep Attorneys advised of his/her current address and telephone numbers at all times, shall appear on reasonable notice at any and all depositions and court appearances, and shall comply with all reasonable requests of Attorneys in connection with the preparation and presentation of Client's claim and causes of action. Client agrees not to sign any compromise or accept any sum for reimbursement or other purposes in whole or in part arising out of the above-specified incident without first consulting with Attorneys. Client further agrees not to contact directly the defendant(s) or opposing counsel regarding Client's matter, and to notify Attorneys if the defendant(s) or opposing counsel contacts Client directly. Client shall provide truthful and

accurate information to Attorneys in connection with Attorneys' preparation and presentation of the aforesaid claim and cause of action. Any material misrepresentation by Client to Attorneys concerning the claim or Client's background and personal history constitutes material breach of this contract.

## VIII. WITHDRAWAL OF ATTORNEYS

Client acknowledges that Attorneys will be investigating the law and facts applicable to Client's claims on a continuing basis. Should Attorneys learn something which in the opinion of Attorneys makes it impractical or imprudent for Attorneys to proceed with the handling of Client's claim, or if Attorneys determines that continued representation will result in an unreasonable financial burden to Attorneys or has been rendered unreasonably difficult by Client, then Attorneys may take all appropriate steps to withdraw from further representation of Client. Attorneys will notify Client of a decision to undertake to withdraw from representing Client via certified mail to the last address provided by Client.

## IX. TERMINATION OF REPRESENTATION BY CLIENT

Client can terminate Attorneys' representation of Client at any time by providing written notice to Attorneys at the address of their principal offices. Should Client elect to terminate Attorneys' representation prior to the full conclusion of Attorneys' services under this Agreement, Client understands that Attorneys may have a claim under applicable state law for expenses of litigation, other disbursements, and Attorneys' fees which will become due upon receipt by Client or by any successor Attorneys of any proceeds for Client's claim. The provisions of this Agreement will not terminate upon the death of Client whose signature appears below. In the event of the death of Client, any duly appointed Representative of Client's Heirs and/or Estate will be bound by this Agreement to the extent allowed by applicable law. In particular, any such Representative will be bound by the provisions of this Agreement relating to the recovery of Attorneys' fees and costs and other expenses.

## X. BANKRUPTCY

Client agrees to promptly notify Attorneys of any bankruptcy filing by Client. Client understands that filing for bankruptcy may affect Client's ability to retain some or all of any recovery in this matter.

## XI. GROUP LITIGATION/SETTLEMENT

Client understands that Attorneys may determine that it is in Client's best interest for Client's case to be filed and/or go to trial with a larger group of claimants with similar claims against the same defendant(s). Client further understands that one or more defendants may offer to settle Client's case, or Attorneys may negotiate an offer to settle Client's case, as part of a larger group of claimants. Client retains the right to accept or reject any such settlement offers. Client gives permission to Attorneys to disclose Client's injury category, gross settlement offer amount, net settlement offer amount, or other material terms of Client's settlement offer to other claimants also represented by Attorneys who may receive settlement offers as part of the same Settlement



________
Initials

Agreement, to the extent that such disclosure is necessary to comply with any applicable court orders, and/or applicable rules of legal ethics. Additionally, Client understands that if a dispute subsequently arises between clients represented by Attorneys, that the Attorneys-client privilege may not be available for assertion by Client against other clients represented by Attorneys.

## XII. ADDITIONAL CO-COUNSEL

Attorneys is authorized to employ or to associate other counsel, as required to assist in prosecuting Client's claims and causes of action. Attorneys will provide Client appropriate notice of any such proposed retentions of additional co-counsel.

## XIII. EXECUTION AUTHORITY

Client gives Attorneys a limited General Power of Attorneys to execute any and all documents connected with Attorneys' representation of Client, including but not limited to pleadings, contracts, checks, settlement agreements, compromises, and orders and all other documents that Client could properly execute. Client gives Attorneys permission to consolidate Client's cause of action and to allocate expenses in accordance with the other sections of this Agreement. Attorneys will not settle or compromise Client's cause of action and claims without Client's approval. Attorneys is authorized and empowered to act as Client's negotiator in any and all settlements concerning the subject of this Agreement.

## XIV. GENERAL PROVISIONS

A. **TEXAS LAW TO APPLY.** This agreement shall be construed under and in accordance with the laws of the State of Texas, and all obligations of the parties created herein are performable in Harris County, Texas.

B. **PARTIES BOUND.** This agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, legal representatives, successors, and assigns.

C. **LEGAL CONSTRUCTION.** In case any provision or provisions contained in this agreement shall, for any reason, be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any of the other provisions thereof, and this agreement shall be construed as if the invalid, illegal, or unenforceable provision had never been contained herein.

D. **PRIOR AGREEMENTS/MODIFICATION.** This agreement constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter within. Further, any modification of this agreement will be of no effect unless written and signed by Client and Attorneys.



______ Initials

## XV. ARBITRATION

Client agrees that any and all disputes, controversies, claims or demands arising out or relating to this agreement or any provision hereof, including the services by Attorneys to clients, distribution of settlement proceeds, expenses charged, fees paid to forwarding Attorneys, or any other matter relating to the relationship between Attorneys and clients, whether in contact, tort, or otherwise, at law or in equity, including issues concerning conflicts of interest, fiduciary relationships between Attorneys and clients, costs and/or expenses, for damages or any other requested relief, shall be resolved by binding arbitration utilizing the American Arbitration Association and applying the Association's commercial arbitration rules. Any such arbitration proceeding shall be conducted in Harris County, Texas, and a panel of three (3) arbitrators will be utilized.

Attorneys will select and compensate one (1) arbitrator and Client will select and compensate one (1) arbitrator. The third arbitrator will be chosen by the arbitrators selected by the Attorneys and the Client. The cost for the third arbitrator and the expenses of the arbitration will be borne in equal share by Attorneys and Client.

This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award, and that judgment may be entered by a federal or state court in Harris County, Texas, having jurisdiction.

Client understands that there exist the following possible advantages and disadvantages of mandatory arbitration as compared to a judicial resolution of disputes: (1) arbitration frequently is less costly to the participants than judicial proceedings, and frequently results in a quicker resolution of a dispute; (2) the parties each lose their right to a jury trial when they agree to mandatory arbitration; (3) arbitration may involve a reduced level of discovery and a relaxed application of the rules of evidence relative to judicial proceedings; (4) arbitration decisions can be challenged only on very limited grounds compared to the decision in a judicial proceeding which the losing party can usually appeal; and (5) the arbitration process is usually a confidential and private process, unlike a public trial or other judicial proceeding.

Client affirms that he/she has had the opportunity to ask Attorneys, or other individuals of Client's choosing, any questions he/she may have about this mandatory arbitration process, and has had those questions answered to Client's satisfaction.

## XVI. ACKNOWLEDGMENTS

Client acknowledges that Attorneys may file a claim or lawsuit on Client's behalf. Client affirms that he or she is not currently represented by any other law firm or Attorneys relating to the claims for which he or she has retained Attorneys under this Agreement. Client acknowledges that Attorneys cannot warrant or guarantee the outcome of the case, and that Attorneys has not represented that Client will recover any damages, compensation or other funds, nor made any other guarantees or assurances about the likelihood of success of Client's case. Client understands that obtaining a judgment does not guarantee that the opposing parties will be able or willing to satisfy

the judgment. Client affirms that Client has read this Contract and Power of Attorneys in its entirety, that Client fully understands the terms and conditions of the same, and agrees to abide by the terms hereof.

EXECUTED on _______________ (date).

ACCEPTED BY: ___________________

MATTHEWS & ASSOCIATES

_____________________________
For the Firms

_____________________________
Client Signature (file name)

____________ ____________
Date of Birth Last 4 SSN

_____________________________
Address, City, State, Zip

____________ ____________
Telephone Email



______
Initials

EXHIBIT C

# CLIENT'S CONSENT TO ASSOCIATE COUNSEL

I hereby consent to the association of the following law firm in connection with the continued litigation and/or settlement of my Abuse claim against the responsible party(ies):

D'Arcy Johnson Day, P.C.
3120 Fire Rd, Suite 100
Egg Harbor Township, NJ 08234

I understand that my attorneys are recommending that D'Arcy Johnson Day, P.C., be added to my legal team because they have special expertise and experience to be of benefit to me in the continued litigation and/or settlement of my Abuse claim. I further understand that D'Arcy Johnson Day, P.C., along with the law firms of Matthews & Associates, Freese & Goss, PLLC, and _______________, with which I originally signed an attorney-client contract, would assume joint responsibility for my representation in connection with my potential claim.

I understand that the addition of D'Arcy Johnson Day, P.C., to my legal team will NOT increase or change in any way the total attorneys' fees that I agreed to pay pursuant to my original attorney-client contract. That is, I will NOT be obligated to pay any additional attorneys' fees beyond those I originally agreed to pay in my original attorney-client contract. As was stated in my original attorney-client contract, I will not owe any attorneys' fees unless my attorneys recover money on my behalf. In the event I receive a monetary recovery, the attorneys' fees I originally agreed to pay will be split among my legal team as follows:

D'Arcy Johnson Day, P.C., will receive 10% of the attorney fees set forth in my original contract;
Matthews & Associates will receive ____ of the attorney fees set forth in my original contract;
Freese & Goss, PLLC, will receive ____ of the attorney fees set forth in my original contract; and
________________ will receive ____ of the attorney fees set forth in my original contract.

I understand that the fees to be paid to the above co-counsel for assisting with this matter will NOT in any way alter the fee agreement I have with my attorneys. That is, the above co-counsel's assistance with this matter will NOT cost me any additional attorneys' fees beyond those I originally agreed to pay my attorney.

Finally, I understand that in order to provide the best possible assistance with the litigation and/or settlement of my Abuse claims, my original signing attorney(s) may provide the above-listed attorneys confidential or other information that he/she believes will be of use to those co-counsel in my representation.

______________________________ ______________________

Client Name and Signature Date

EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>THE DIOCESE OF CAMDEN, NEW JERSEY,<br>Debtor | Chapter 11<br><br>Case No. 20-21257 (JNP) |

**VERIFICATION OF PEDRO "PETER" DE LA CERDA**

I, Pedro "Peter" de la Cerda, declare as follows:

1. I am an attorney with Matthews & Associates, I am over the age of 18, and the facts stated in this declaration are within my knowledge and true and correct.

2. I have review the pleading entitled "RESERVATION OF RIGHTS RE: D'ARCY JOHNSON DAY, P.C. AND MATTHEWS & ASSOCIATES' VERIFIED RULE 2019 DISCLOSURE."

3. The statements contained in this pleading are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 4th day of April, 2022

Pedro "Peter" de la Cerda