**Exhibit 2.2.113**

1

4883-1853-7251, v. 1

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1 | |
| *In re*:<br><br>THE DIOCESE OF CAMDEN, NEW JERSEY,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-21257 (JNP) |

**TRUST DISTRIBUTION PLAN IN CONNECTION WITH THE**
**SEVENTHEIGHTH AMENDED PLAN OF REORGANIZATION**[1]

This document is the "Trust Distribution Plan" and the procedures set forth herein are the "Trust Distribution Procedures" defined in the SeventhEighth Amended Plan of Reorganization (the "**Plan**").  The terms of the Plan shall prevail if there is any discrepancy between the terms of the Plan and the terms of this Trust Distribution Plan.

1.  **Abuse Claims Reviewer.**  [●] is the Abuse Claims Reviewer.  The Abuse Claims Reviewer shall conduct a review of each of (i) the Proofs of Claim filed by Holders of Class 5 Claims against the Debtor in the Chapter 11 Case (each an "**Abuse Claim**," and the holder of an Abuse Claim being an "**Abuse Claimant**") and (ii) the Claims Filed by Unknown Abuse Claimants (if any) within 7 years of the Effective Date in order to (a) determine if such Claim should be Allowed and (b) if such Claim is Allowed, value the Abuse Claims using the Evaluation Factors set forth below.

2.  **Document Submission Deadline**.  No later than 30 days after the Effective Date (the "**Document Submission Deadline**"), the Diocese, the Other Catholic Entities (together with the Diocese, the "**Diocese Affiliated Entities**") and the Non-Settling Insurers may, but are not required to, provide the Abuse Claims Reviewer and the relevant Abuse Claimant, and his or her counsel, with documents that might assist the Abuse Claims Reviewer in determining whether to Allow an Abuse Claim.

3.  **Abuse Claim Supplement Deadline**.  No later than 30 days after the Document Submission Deadline (such date being the "**Abuse Claim Supplement Deadline**"), Abuse Claimants shall be permitted to supplement their Abuse Claim by providing the Abuse Claims Reviewer with a supplement to their Proof of Claim, not to exceed 5 typed pages, addressing the Evaluation Factors (defined below) and any other issue bearing on the evaluation of the Abuse Claim.

---

[1] All capitalized terms not defined below have the meaning ascribed to such term in the SeventhEighth Amended Plan of Reorganization.

2

*Formatted:* Line spacing:  Exactly 9 pt

    4.    **The Initial Review of Class 5 Claims**.  Beginning within 30 days of the Abuse Claim Supplement Deadline, the Abuse Claims Reviewer will evaluate each Proof of Claim filed by the Holder of a Class 5 Claim, as may have been supplemented in accordance with Paragraph 3 herein, and, in doing so, use the Evaluation Factors set forth in Section 11 below to determine (the "**Initial Review Determination**"):

    (i)    Whether the Abuse Claim should be Allowed (in such instance the Abuse Claimant is an "**Allowed Claimholder**," and its claim, an "**Allowed Claim**"); and

    (ii)    If an Abuse Claim is an Allowed Claim, the amount of points to be assigned to the Allowed Claim (the "**Proposed Allowed Claim Amount**").

    5.    **Right to Request Additional Information**.  Before making an Initial Review Determination, the Abuse Claims Reviewer may request that an Abuse Claimant provide additional documentation to support his or her Abuse Claim.  The Abuse Claims Reviewer's deadline to issue the Initial Claims Review Determination Letter (defined below) shall be extended if such request for additional information is made of an Abuse Claimant.

    6.    **Determinations Made Under Initial Claims Review**.  Within 60 days of the Abuse Claim Supplement Deadline, or as soon thereafter as is reasonably practicable, the Abuse Claims Reviewer will provide written notice to each Abuse Claimant or his or her counsel of whether the Abuse Claim is Allowed and if so, the valuation of the Allowed Claim (the "**Initial Claims Review Determination Letter**").

The Initial Claims Review Determination Letter will be sent in accordance with the Abuse Claimant's preference for communication method selected in Part 2 of his or her Proof of Claim; *provided, however*, that if an Abuse Claimant is not represented by counsel and selected home voicemail or cell voicemail as his or her preferred communication method, the Initial Claims Review Determination Letter shall be sent via electronic email if an email address was provided on the Proof of Claim.  If an email address was not provided, the Initial Claims Review Determination Letter shall be mailed by certified mail, return receipt requested, postage prepaid.

If an Abuse Claimant is sent the Initial Claims Review Determination Letter by email, the Initial Claims Review Determination Letter shall be deemed received upon being sent unless an error message is received by the sender indicating that such email address is invalid, no longer in use or the email has otherwise not been delivered, in which case the Initial Claims Review Determination Letter shall be mailed by certified mail, return receipt requested, postage prepaid.

    7.    **Acceptance or Reconsideration of the Initial Claims Review**.  Abuse Claimants may:

    (i)    Accept the determinations set forth in the Initial Claims Review Determination Letter; or

**Formatted:** Line spacing:  Exactly 9 pt

3

    (ii)    Seek reconsideration of the determinations set forth in the Initial Claims Review Determination Letter.

        (a)    **Acceptance of the Initial Claims Review Determination Letter**.  If the Abuse Claimant accepts the determinations set forth in the Initial Claims Review Determination Letter, the Abuse Claimant need not take any further action other than as provided in the Initial Claims Review Determination Letter.

            If an Allowed Claimholder accepts the determinations set forth in the Initial Claims Review Determination Letter, the Allowed Claimholder shall have the right to distributions from the Trust as provided for in paragraph 13 below.

        (b)    **Reconsideration Requests**.  To appeal any of the determinations set forth in the Initial Claims Review Determination Letter, an Abuse Claimant must first make a written request for reconsideration to the Abuse Claims Reviewer of (i) the disallowance of his or her Abuse Claim or (ii) the valuation of the Allowed Claim (a "**Reconsideration Request**") within 10 days of receiving the Initial Claims Review Determination Letter (the "**Reconsideration Deadline**").

            Any Abuse Claimant who does not submit a Reconsideration Request to the Abuse Claims Reviewer by the Reconsideration Deadline shall be deemed to accept all determinations made in the Initial Claims Review Determination Letter.

            Each Reconsideration Request must be accompanied by payment of $500 as an administration fee for reconsideration (the "**Reconsideration Administration Fee**"), which reflects a good faith estimate of the cost to the Trust of reconsidering the value of the Abuse Claim.  The Reconsideration Administration Fee is non-refundable irrespective of the decision ultimately made by the Abuse Claims Reviewer.

            Upon receipt of a Reconsideration Request and payment of the Reconsideration Administration Fee by the Reconsideration Deadline, the Abuse Claims Reviewer will reconsider the Abuse Claim and will have the discretion to maintain the prior determination or modify the prior determinations, including disallowing a previously Allowed Claim or reducing the Proposed Allowed Claim Amount.

            The Abuse Claims Reviewer shall notify all Abuse Claimants timely submitting a Reconsideration Request and paying the Reconsideration Administration Fee of its final determination within 90 days of the Reconsideration Deadline (the "**Reconsideration Decision**").

4

An Abuse Claimant's sole recourse to appeal the Reconsideration Decision shall be through the State Court Option as described below.

8. **Verdict Value Assessment**. If an Abuse Claimant and the Trust Administrator agree, an Abuse Claimant will submit its Abuse Claim for review under the following procedures (the "**Verdict Value Assessment**"). An Abuse Claim reviewed under these procedures shall be referred to herein as an "**Independent Review Claim**" and the holder of such claim shall be referred to herein as an "**Independent Review Claimholder**."

The commencement of the Verdict Value Assessment need not await completion of the Initial Review Determination but all Abuse Claims must proceed through the Initial Review Determination so that they receive the points contemplated by the Evaluation Factors used below.

(i) Order of Consideration of Independent Review Claims. The Trust Administrator shall have sole authority to determine the order in which Independent Review Claims are adjudicated in accordance with the procedures below.

(ii) The Neutral. The Verdict Value Assessment shall be overseen by a retired judge with tort experience (a "**Neutral**") selected by the Trust Administrator, upon consultation with the Trust Advisory Committee, the Independent Review Claimholder, the Diocese Affiliated Entities and the Non-Settling Insurers. Prior to the Neutral's formal retention, the Neutral shall disclose all of his or her relationships, if any, with the Trust Administrator, the Trust Advisory Committee, the Independent Review Claimholder and his or her counsel, the Diocese Affiliated Entities and the Non-Settling Insurers.

(iii) Costs Paid By the Trust. The costs associated with the Verdict Value Assessment shall be paid by the Trust, including the cost of any depositions, independent medical examinations, and the valuation by the Neutral. Recovery of such costs may be sought from any Non-Settling Insurer subject to the applicable terms and conditions of any Non-Settling Insurer Policy. Any recoveries by the Trust on account of such costs will become Trust Assets to be distributed in accordance with the Trust Agreement and this Trust Distribution Plan.

(iv) Discovery. The Independent Review Claimholder and any potential Responsible Insurer (defined below) shall be entitled to discovery from the Trust (as successor to the Diocese Affiliated Entities) and from third parties, in accordance with procedures to be established by the Neutral; provided that discovery associated with review of any Independent Review Claim shall not exceed ninety (90) days barring exceptional circumstances which shall be determined in the sole discretion of the Neutral.

(v) Participation of Independent Review Claimant in Verdict Value Assessment. Each Independent Review Claimant shall be required to, among other things, (i) respond

5

    to reasonable discovery requests propounded by a Diocese Affiliated Entity or a Responsible Insurer or provide other otherwise reasonably requested information to develop the Independent Review Claim and (ii) reasonably cooperate with the Neutral to establish the validity and amount (if any) of the Independent Review Claim by, including, but not limited to, sitting for a single sworn six-hour deposition and/or submitting to a mental health examination.

(vi)  Considerations in Determining Verdict Value.  In determining the amount (if any) of damages and other costs that a reasonable jury might award for the Independent Review Claim (the "**Verdict Value**"), the Neutral shall consider (i) evidence submitted by the Trust, the Independent Review Claimholder, the Diocese Affiliated Entities and/ or any potential Responsible Insurer(s) and (ii) the relative shares of fault that may be attributed to any parties potentially responsible for the Independent Review Claim under applicable law.

    Applying the same standard of proof that would apply under applicable law, the Neutral shall then decide how much a reasonable jury would award (if any) for the damages that were proximately caused by each such party.  If the Neutral believes a reasonable jury would find some damages were proximately caused solely by the alleged perpetrator(s), the Neutral shall exclude such damages.  If the Neutral believes a reasonable jury would find any party jointly and severally liable for any damages, the Neutral shall include such findings.

(vii)  Diocese Affiliated Entities Participation.  The Diocese Affiliated Entities will participate in the Verdict Value Assessment to defend the Diocese Affiliated Entities by, including, but not limited to, responding to reasonable discovery requests and appearing at any hearing scheduled by the Neutral.  If a Diocese Affiliated Entity's participation in the Verdict Value Assessment is required, the relevant Diocese Affiliated Entity shall be entitled to select its own professionals in connection with the Verdict Value Assessment, including but not limited to, (i) experts and (ii) legal counsel, but the selection of legal counsel shall be consistent with the relevant Diocese Affiliated Entity's historical retention and use of such counsel, who shall exercise his or her professional judgment in accordance with the Rules of Professional Conduct and any other relevant rules governing the duties and obligations of attorneys to their clients.  The Trust shall be responsible for the payment of all reasonable and necessary Defense Costs (defined below) as provided in Section 10 hereof.

(viii)  Insurer Participation.

  (a)  The Trust will provide prompt notice to any potentially responsible Non-Settling Insurer(s) ("**Responsible Insurer(s)**") of any claim for which the Independent Review Claimholder has elected the Verdict Value Assessment.

6

    (b)    Any Responsible Insurer shall be given a reasonable opportunity to participate in the Verdict Value Assessment at its sole expense. Any Responsible Insurer who chooses to participate may raise and present any potentially applicable defenses to the Independent Review Claim to the Neutral.

(ix) Verdict Value Procedures. The precise method, manner and procedures by which the Neutral shall determine the Verdict Value, which shall be the amount (if any) of damages and other costs that a reasonable jury might award, shall be decided by the Neutral upon written notice to the Independent Review Claimholder or his or her counsel, the Trust, the Diocese Affiliated Entities and any Responsible Insurers.

(x) Issuance of the Verdict Value Determination. The Verdict Value determined by the Neutral shall be issued in the form of a written decision and shall be provided to the Independent Review Claimholder or his or her counsel, the Trust, the Diocese Affiliated Entities and any Non-Settling Insurer (the "**Verdict Value Determination**").

(xi) Appeal of the Verdict Value Determination. The Trust Administrator may seek to appeal the Verdict Value Determination through use of the State Court Option (defined below) by notifying the Independent Review Claimholder or his or her counsel, the Diocese Affiliated Entities and any Non-Settling Insurer within 14 days of issuance of the Verdict Value Determination.

(xii) Offer Within Limits. If the Trust Administrator does not seek to use the State Court Option as provided for above, the Trust Administrator shall make a written offer to any Responsible Insurer requesting that such Responsible Insurer satisfy the amount awarded an Independent Review Claimholder under a Verdict Value Determination within the relevant limits of the Non-Settling Insurer Policy (the "**Offer within Limits**").

(xiii) Stipulation of Judgment. If the Responsible Insurer fails to satisfy the Offer within Limits within 30 days of receipt of the Offer within Limits, the Trust Administrator shall have the sole discretion to reduce the Verdict Value or any portion thereof to a Stipulation of Judgment which shall be executed by the Independent Review Claimholder, the Trust Administrator and the Diocese Affiliated Entities (the "**Stipulation of Judgment**").

The Trust Administrator shall also have the sole discretion to issue a demand letter to any applicable Responsible Insurer(s) seeking satisfaction of the Stipulation of Judgment in whole or in part (the "**Responsible Insurer Demand Letter**").

If the Responsible Insurer(s) refuses to satisfy the amounts demanded in the Responsible Insurer Demand Letter within 30 days of receipt of the Responsible Insurer Demand Letter, then the Trust Administrator may (i) exercise any and all

7

rights available to (i) it, (ii) the Independent Review Claimholder (which shall be deemed to have assigned the full amount of such Stipulation of Judgment to the Trust) and (iii) the Diocese Affiliated Entities as provided for in the Plan and under applicable law, and the Trust Administrator expressly reserves any and all rights against the Responsible Insurer(s), including but not limited to, pursuing the Responsible Insurer(s) for any available remedy including, but not limited to, all Coverage Claims.

(xiv) Distribution Enhancements.

(a) If (i) a settlement is reached with a Responsible Insurer(s) on an Independent Review Claim or (ii) the Trust obtains a judgment against the Responsible Insurer for its failure to pay the amounts it is responsible to pay under the Stipulation of Judgment and the Responsible Insurer pays any such amounts to the Trust (in either case, the "**Responsible Insurer Recovery**"), then the proceeds comprising the Responsible Insurer Recovery will be distributed as follows:

FIRST, to reimburse the Trust for all reasonable attorneys' fees, expenses and costs expended in obtaining the Responsible Insurer Recovery, including reimbursement for payment of any Defense Costs;

SECOND, to the extent not already paid by the Trust, to reimburse the Diocese Affiliated Entities for any indemnification claims they have against the Trust as specified below; and

THIRD, as follows:

(1) If a settlement is obtained with the Responsible Insurer(s) on an Independent Review Claimant's Independent Review Claim only before the Verdict Value Determination was issued, then the Independent Review Claimholder shall receive 10% of the Responsible Insurer Recovery in addition to the Distribution determined by the Abuse Claims Reviewer hereunder, with the remainder to go to the Trust.

(2) If a judgment is obtained against the Responsible Insurer(s) on an Independent Review Claimant's Independent Review Claim for failure to pay the amounts due under the Verdict Value Determination, then the Independent Review Claimholder shall receive 25% of the Responsible Insurer Recovery in addition to the Distribution determined by the Abuse Claims Reviewer hereunder, with the remainder to go to the Trust.

8

   (3) If a settlement resolving any and all Abuse Claims is reached with any Responsible Insurer, then all Independent Review Claimholders who have commenced active participation in the Verdict Value Assessment with claims implicating a policy or policies issued by that Responsible Insurer shall receive an enhancement of its distribution of the proceeds of that settlement under the point system of no less than 10% but no more than 25%, as awarded in the reasonable discretion of the Trust Administrator.

9. **The State Court Option**.

(i) Availability of the State Court Option. These Trust Distribution Procedures permit the use of the State Court Option only if:

 (a) An Abuse Claimant's Abuse Claim is not Allowed by the Abuse Claims Reviewer after a Reconsideration Request;

 (b) An Allowed Claim is not Allowed in an amount acceptable to the Allowed Claimholder after a Reconsideration Request;

 (c) An Independent Review Claimholder's Independent Review Claim is not Allowed in an amount acceptable to the Trust Administrator under a Verdict Value Determination; or

 (d) A Stipulation of Judgment is determined by a court of competent jurisdiction to be invalid or set aside based on any grounds, including, but not limited to, it being an unreasonable settlement or based on fraud or collusion.

(ii) Use of the State Court Option. If the State Court Option may be exercised under these Trust Distribution Procedures under Section 9(i)(a) or (b), the Abuse Claimant (in such instance the Abuse Claimant shall be referred to herein as the "**State Court Option Claimant**," and its claim, the "**State Court Option Claim**"):

 (a) May commence an action in a court of competent jurisdiction against the Trust, as successor in interest to the Diocese Affiliated Entities.

 (b) The State Court Option Claimant shall be responsible for all of its costs and expenses and shall not be entitled to reimbursement of costs or expenses incurred from the Trust.

 (c) Any recoveries for a State Court Option Claim from a Responsible Insurer are payable to, and shall be paid to, the Trust.

9

    (d)    A State Court Option Claimant who pursues a State Court Option Claim shall have an Allowed Claim Amount equal to zero if the litigation is dismissed or claim denied.

    (e)    If a State Court Option Claimant's Abuse Claim is Allowed through the State Court Option, the Allowed Amount of the State Court Option Claim shall be determined by the Abuse Claims Reviewer in accordance with these Trust Distribution Procedures consistent with the findings of fact and conclusions of law made by the court of competent jurisdiction.

If the State Court Option may be exercised under these Trust Distribution Procedures under Section 9(i)(c) or (d), the Trust Administrator:

    (a)    May commence an action in a court of competent jurisdiction against the relevant Diocese Affiliated Entity.

    (b)    The Trust shall be responsible for all of its costs and expenses and pay the relevant Diocese Affiliated Entity's Defense Costs as set forth below.

    (c)    If a judgment is entered in favor of the Trust against a Diocese Affiliated Entity, the Trust may exercise all rights and remedies against the Responsible Insurer as provided for in the Plan.

    (d)    Any recoveries in respect of a Responsible Insurer's liability is payable to the Trust and shall be paid in accordance with the terms of this Trust Distribution Plan.

If the State Court Option is exercised under these Trust Distribution Procedures, the Trust shall be responsible for all of the relevant Diocese Affiliated Entity's Defense Costs as set forth in Section 10 below.

    (iii)    <u>Tender to Responsible Insurers</u>.  If an Abuse Claimant is authorized to file suit against the Trust as provided for by this Section, the Trust Administrator shall determine whether any Responsible Insurer issued coverage that is available to respond to the lawsuit (an "**Insured Lawsuit**").  The Trust Administrator may determine that there are multiple Responsible Insurers that have responsibility to defend an Insured Lawsuit.  The Trust Administrator shall provide notice, and if applicable, seek defense, of any Insured Lawsuit to each Responsible Insurer from whom the Trust Administrator determines insurance coverage may be available in accordance with the terms of each applicable Responsible Insurer Policy.

    (iv)    <u>Parties to Lawsuit</u>.  Any lawsuit commenced under Section 9(i)(a) or (b) hereof must be filed by the Abuse Claimant in his or her own right and name and not as a member or representative of a class, and no such lawsuit may be consolidated with

10

    any other lawsuit, unless otherwise agreed to by the Trust Administrator.  The Abuse Claimant may assert his or her Abuse Claim against the Trust as if the Abuse Claimant were asserting such claim against the Diocese Affiliated Entities and the discharge and injunctions in the Plan had not been issued.  The Abuse Claimant may name any person or entity that is not a Covered Party, including Responsible Insurers to the extent permitted by applicable law.  Abuse Claimants may pursue in any manner or take any action otherwise permitted by law against persons or entities that are not Covered Parties.

 (v) <u>Defenses</u>.  All defenses (including, with respect to the Trust, all defenses that could have been asserted by the Diocese Affiliated Entities, except as otherwise provided in the Plan) shall be available to all parties (which may include any Responsible Insurers) at trial.

 (vi) <u>Trust Liability for, and Allowance of, State Court Option Claims</u>.  An Abuse Claimant who pursues a State Court Option Claim shall have an Allowed Claim Amount equal to zero if the litigation is dismissed or claim denied.  If an Abuse Claimant's Abuse Claim was disallowed by the Abuse Claims Reviewer but is subsequently Allowed through the State Court Option, the Allowed Amount of the State Court Option Claim shall be determined by the Abuse Claims Reviewer in accordance with these Trust Distribution Procedures consistent with the findings of fact and conclusions of law made by the court of competent jurisdiction.

 10. **Defense Costs**.  The Trust will fund all reasonable and necessary out of pocket attorneys' fees, costs and other expenses of each Diocese Affiliated Entity in connection with their participation in the Trust Distribution Procedures ("**Defense Costs**"); *provided, however*, that if a Responsible Insurer defends the Diocese Affiliated Entity in connection with their participation in the Trust Distribution Procedures, the Trust shall be relieved of its obligation to pay any Defense Costs; *provided, further, however*, that if a Non-Settling Insurer has a duty to defend, or has a duty to reimburse the defense costs of, a Diocese Affiliated Entity but fails to honor that obligation, the Trust will advance or reimburse the Diocese Affiliated Entity for reasonable and necessary Defense Costs. A Diocese Affiliated Entity's selection of legal counsel shall be consistent with the relevant Diocese Affiliated Entity's historical retention and use of such counsel, who shall exercise his or her professional judgment in accordance with the Rules of Professional Conduct and any other relevant rules governing the duties and obligations of attorneys to their clients.  For the purposes of clarity and avoidance of doubt: (i) the Diocese Affiliated Entities shall be made whole from the Trust for any actually expended or incurred Defense Costs for their participation in the Trust Distribution Procedures and (ii) any Defense Costs previously paid by the Trust to a Diocese Affiliated Entity shall be reimbursed to the Trust upon the Responsible Insurer's satisfaction of any such amounts.

  11. **Allowance and Evaluation of Abuse Claims - Initial Review Determination**.

 (i) <u>Evaluation Factors</u>.  If an Abuse Claim is Allowed, the Abuse Claims Reviewer shall determine the value of such Allowed Claim by assigning such Allowed Claim

11

4883-1853-7251, v. 1

a point value pursuant to the following factors (the "**Evaluation Factors**"). Although the factors below collectively comprise the methodology that must be applied in reviewing Allowed Claims, the Abuse Claims Reviewer may, as indicated below, take into account considerations in addition to those identified herein when evaluating an Allowed Claim within the parameters of the delineated factors.

(a) <u>Nature of Abuse & Circumstances</u>.  A point value ranging from 0 to 55 should be allocated for this section.

Considerations should include, but are not limited to, the following factors:

1. The duration and/or frequency of the abuse;

2. Type of abuse: e.g. penetration, attempted penetration, masturbation, oral sex, touching under the clothing, touching over the clothing, removing of clothing covering genitals, exposure of perpetrator's genitals, kissing, sexualized talk, etc.;

3. Circumstances of abuse:

    A. grooming behaviors including but not limited to special privileges, special activities, and attention, social relationship with parents, personal relationship with claimant, opportunity to experience sports or activities, isolation from others, use of alcohol or illicit drugs by abuser or claimant or use of or exposure to pornography;

    B. coercion or threat or use of force or violence, stalking;

    C. relationship of claimant to perpetrator including but not limited to whether claimant was a parishioner or student, held perpetrator in high regard, whether perpetrator was in position of trust, whether perpetrator had unsupervised access to claimant, and whether claimant valued relationship with perpetrator; and

    D. Diocese's legal responsibility including but not limited to whether the perpetrator is identified by name, whether the perpetrator was a Diocese priest, cleric, employee or agent, whether there were multiple allegations/claims/lawsuits against the perpetrator, whether the perpetrator appears on the Diocese's credibly accused list, and whether the perpetrator appears on any credibly accused list.

12

 (b) <u>Impact of the Abuse</u>.  A point value ranging from 0 to 40 should be allocated for this section.

Overall, this category will evaluate how the abuse impacted the Allowed Claimholder.  This includes how the abuse impacted the Allowed Claimholder's mental health, physical health, spiritual well-being, inter-personal relationships, vocational capacity or success, academic capacity or success, and whether the abuse at issue resulted in legal difficulties for the claimant.  Some of these considerations may include the below factors, but the below list is not intended to be exhaustive.

The Abuse Claims Reviewer should consider, along with any and all other relevant factors, whether the abuse at issue manifested, or otherwise led the claimant to experience, or engage in behaviors resulting from:

  A. <u>Mental Health Issues</u>:  This includes but is not limited to anxiety, depression, post-traumatic stress disorder, substance abuse, addiction, embarrassment, fear, flashbacks, nightmares, sleep issues, sleep disturbances, exaggerated startle response, boundary issues, self-destructive behaviors, guilt, grief, homophobia, hostility, humiliation, anger, isolation, hollowness, regret, shame, isolation, sexual addiction, sexual problems, sexual identity confusion, low self-esteem or self-image, bitterness, suicidal ideation and suicide attempts.

  B. <u>Physical Health Issues</u>:  This includes but is not limited to physical manifestations of emotional distress, gastrointestinal issues, headaches, high blood pressure, physical manifestations of anxiety, erectile dysfunction, heart palpitations, sexually-transmitted diseases, physical damage caused by acts of abuse, reproductive damage, self-cutting and other self-injurious behavior.

  C. <u>Spiritual Wellbeing</u>:  This includes but is not limited to loss of faith in God, loss of faith and trust in religion and spiritual distress.

  D. <u>Interpersonal Relationships</u>:  This includes but is not limited to problems with authority figures, hypervigilance, sexual problems, marital difficulties, problems with intimacy, lack of trust, isolation, betrayal, impaired relations, secrecy, social discreditation and isolation; damage to family relationships, and fear of children or parenting.

13

       E.    <u>Vocational Capacity</u>:  This includes but is not limited to under- and un-employment, difficulty with authority figures, difficulty changing and maintaining employment, feeling of unworthiness or guilt related to financial success.

       F.    <u>Academic Capacity</u>:  This includes but is not limited to school behavior problems.

       G.    <u>Legal Difficulties</u>: This includes but is not limited to criminal difficulties, bankruptcy.

(c)   <u>Claimant Involvement</u>.  A point value ranging from 0 to 5 should be allocated for this section.

The Abuse Claims Reviewer shall consider that all Allowed Claimholders have benefited from the work and cost incurred by those Abuse Claimants who asserted claims against the Diocese before the bankruptcy was filed and have participated in the legal and factual development of claims against the Diocese.  The Abuse Claims Reviewer should consider factors, including, but not limited to, whether the Allowed Claimholder filed a pre-petition lawsuit; whether the Allowed Claimholder and/or the Allowed Claimholder's family has been subject to a deposition, mediation or interview; whether the Allowed Claimholder has participated on the Tort Committee; and whether the Allowed Claimholder participated in publicizing the issue of clergy sex abuse which has benefitted all claimants.

(ii)   <u>Reduction</u>.  If the Allowed Claimholder's abuser(s) belonged to a religious order or was affiliated with the Boy Scouts of America, the Allowed Claimholder's final points distribution shall be reduced by 33%.

If the Abuse Claimant received a monetary distribution from another diocese or archdiocese on account of the same Abuse that is the subject of his or her Abuse Claim, or received a monetary distribution from the Diocese of Camden for which the legitimacy of any claimed settlement has been reasonably contested by the Abuse Claimant, the Abuse Claimant's final points distribution shall be reduced by 50%.

(iii)   <u>Minimum Point Allocation</u>.  Notwithstanding anything to the contrary herein or in the Plan, every holder of an Allowed Claim shall receive a point allocation of at least 15, unless the Abuse Claim is disallowed in its entirety by a Final Order of a court of competent jurisdiction.

12.   **Establishing Reserves**.  The Trust Administrator is vested with authority to establish, and subsequently modify, any and all reserves required to fund all costs and expenses of the Trust before distributions are made to Holders of Allowed Abuse Claims.

13. **Distributions from the Trust**. After the Abuse Claims Reviewer has made all determinations regarding whether an Abuse Claim is an Allowed Claim and the amount of such Claim is final under the procedures set forth herein, the Abuse Claims Reviewer shall determine the dollar value of each Abuse Claimant's actual distribution based on the Class 5 Claimant's pro rata share of the total final points assigned and the available funds for Distribution; *provided, however,* at the Trust Administrator's discretion, each Holder of an Allowed Abuse Claim may receive an initial distribution from the Trust and subsequent distributions from the Trust as proceeds become available, including from settlements with Responsible Insurers, until all Trust Assets have been substantially disbursed such that the Trust Administrator can no longer make a cost-effective and meaningful distribution to Holders of Allowed Class 5 Claims.

14. **The Review of Class 6 Claims**. The Abuse Claims Reviewer shall evaluate Class 6 Claims in accordance with the procedures set forth herein provided that the relevant deadlines for doing so shall be set forth in a letter substantially similar to the Initial Claims Review Determination Letter.

Holders of Unknown Abuse Claims shall receive a pro rata distribution from the Unknown Abuse Claim Reserve Fund established by the Trust Administrator. The distribution to each Unknown Abuse Claimant shall be determined by taking the points assigned to each Unknown Abuse Claim, divided by the combined total points assigned to all Unknown Abuse Claims, multiplied by the amount held in the Unknown Abuse Claim Reserve Fund. No Unknown Abuse Claimant shall receive more than he or she would have as a Class 5 Claimant. The Trust Administrator shall make an immediate distribution of up to $20,000 to the holders of allowed Unknown Abuse Claims immediately upon determination by the Abuse Claims Reviewer, with the remaining portion of the Claim paid at the termination of the Unknown Abuse Claim Reserve Fund as provided for in the Trust Agreement.

15. **Tolling of Limitations Period**. The running of any relevant statute of limitation shall be tolled as to each Abuse Claimant's Abuse Claim until all Abuse Claims are resolved under these Trust Distribution Procedures or are otherwise resolved by a Final Order.

16. **Reservation of Rights.**

(i) The Trust's payment to an Allowed Claimholder that has recovered a judgment or settlement does not affect in any way the Trust's right to collect insurance policy proceeds from any Non-Settling Insurer, nor does it affect in any way the Trust's right to bring any Claims against the Non-Settling Insurer that have been assigned to the Trust or that belong to the Trust by operation of law.

(ii) If a court of competent jurisdiction enters a Final Order holding that the Trust Distribution Plan constitutes a default under, or is a breach of, any Non-Settling Insurance Policy, then all rights vested in the Trust, as successor to the Diocese Affiliated Entities, under the Plan are reserved and preserved to prosecute any claims under those policies in accordance with applicable law.

15

(iii) The Trust Administrator and the Abuse Claims Reviewer reserve the right to modify the terms of these Trust Distribution Procedures, in consultation with the Trust Advisory Committee, in any manner that is not inconsistent with or otherwise in contravention of the terms of the Plan and the Confirmation Order and at all times to the ends of making certain that Abuse Claimants are treated fairly, equitably and reasonably in light of the finite assets available to satisfy such claims.

**Formatted:** Line spacing: Exactly 9 pt

4883-1853-7251, v. 1