**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1

**SQUIRE PATTON BOGGS (US) LLP**
Mark D. Sheridan, Esq.
Mark C. Errico, Esq.
382 Springfield Ave., Suite 300
Summit, NJ 07401
Telephone: 973-848-5600
Email:  mark.sheridan@squirepb.com
Email:  mark.errico@squirepb.com

**O'MELVENY & MYERS LLP**
Tancred Schiavoni, Esq. (*admitted pro hac vice*)
Matthew L. Hinker, Esq. (*admitted pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: 212-326-2000
Email:  tschiavoni@omm.com
Email:  mhinker@omm.com

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

In Re:

THE DIOCESE OF CAMDEN, NEW JERSEY,

Debtor.

Chapter 11

Case No. 20-21257 (JNP)

Honorable Jerrold N. Poslusny, Jr.

**NOTICE OF SUBPOENA**

**PLEASE TAKE NOTICE**, pursuant to Federal Rule of Civil Procedure 45 and Federal Rule of Bankruptcy Procedure 9016, that Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), intends to serve a Subpoena in the form attached hereto, on Diocese of Camden Trusts, on June 22, 2022 or as soon thereafter as service may be effectuated.

Dated: June 21, 2022

By: /s/ *Siobhain P. Minarovich*

**RIVKIN RADLER LLP**
Siobhain P. Minarovich
Michael J. Jones
25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
Siobhain.Minarovich@Rivkin.com
Michael.Jones@Rivkin.com

- and –

Peter P. McNamara (admitted *pro hac vice*)
926 RXR Plaza
Uniondale, NY 11556-0926
Telephone: (516) 357-3000
Facsimile: (516) 357-3333
Peter.McNamara@Rivkin.com

**PARKER, HUDSON, RAINER & DOBBS LLP**
Harris B. Winsberg (admitted *pro hac vice*)
Matthew M. Weiss (admitted *pro hac vice*)
303 Peachtree Street, Suite 3600
Atlanta, GA 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
hwinsberg@phrd.com
mweiss@phrd.com

**BRADLEY RILEY JACOBS PC**
Todd C. Jacobs (*pro hac vice* )
John E. Bucheit (*pro hac vice* pending)
500 W. Madison, Suite 1000
Chicago, IL 60654
Telephone: (312) 281-0295
jbucheit@bradleyriley.com
tjacobs@bradleyriley.com

*Attorneys for Interstate Fire & Casualty Company*

By: /s/ *Mark C. Errico*

**SQUIRE PATTON BOGGS (US) LLP**
Mark D. Sheridan, Esq.
Mark C. Errico, Esq.
382 Springfield Ave., Suite 300
Summit, NJ 07401
Telephone: 973-848-5600
Email: mark.sheridan@squirepb.com
Email: mark.errico@squirepb.com

**O'MELVENY & MYERS LLP**
Tancred Schiavoni, Esq. (admitted *pro hac vice*)
Matt Hinker (admitted *pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: 212-326-2000
Email: tschiavoni@omm.com
Email: mhinker@omm.com

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

**RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**
Joseph L. Schwartz (JS-5525)
Michael J. Rossignol, Esq. (MR-9462)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07960
(973) 538-0800
jschwartz@riker.com
mrossignol@riker.com

By: /s/ *Joseph L. Schwartz*

*Counsel for Granite State Insurance Company, Lexington Insurance Company, and National Union Fire Insurance Company of Pittsburgh, PA*

By: */s/ Sommer L. Ross*

**DUANE MORRIS LLP**
**A Delaware Limited Liability Partnership**
Sommer L. Ross, Esq.
NJ Bar No. 004112005
1940 Route 70 East, Suite 100
Cherry Hill, NJ 08003-2171
Telephone: 856.874.4200
Email: SLRoss@duanemorris.com

Russell W. Roten, Esq (admitted pro hac vice)
Jeffrey Kahane, Esq. (admitted pro hac vice)
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
rwroten@duanemorris.com
jkahane @duanemorris.com

CLYDE & CO US LLP (admitted pro hac vice)
Catalina J. Sugayan, Esq.
55 West Monroe Street, Suite 3000
Chicago, IL 60603
catalina.sugayan@clydeco.us

*Counsel for Certain Underwriters at Lloyd's, London and Certain London Market Companies*

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____New Jersey_____

In re __The Diocese of Camden, New Jersey__
　　　　　　　　Debtor

Case No. __1:20-bk-21257__

*(Complete if issued in an adversary proceeding)*

Chapter __11__

_____
　　　　　　　　Plaintiff
　　　　　　　　v.

Adv. Proc. No. _____

_____
　　　　　　　　Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Diocese of Camden Trusts, Inc. c/o James J. Godino, Jr. Esq. 113 North Sixth Street Camden, NJ 08102__

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Contained herein in Exhibit 1

| PLACE | DATE AND TIME |
|---|---|
| SQUIRE PATTON BOGGS (US) LLP, Attn: Mark C. Errico 382 Springfield Avenue, Summit, New Jersey 07901, (973) 848-5600 Mark.errico@squirepb.com | July 7, 2022 by 5:00 pm Eastern (or such shorter time as may be set by the Court) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __6/22/2022__　　CLERK OF COURT

　　　　　　　　　　　　　　　　　　　OR

_____　　　　　　　_/s/ Tancred Schiavoni_
*Signature of Clerk or Deputy Clerk*　　　　　　*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Century Indemnity Company__, who issues or requests this subpoena, are:

Mark C. Errico, 382 Springfield Avenue, Summit, New Jersey 07901, (973) 848-5600 Mark.errico@squirepb.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 20-21257-JNP    Doc 1831    Filed 06/21/22    Entered 06/21/22 21:22:11    Desc Main
Document    Page 5 of 13

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT 1 (DIOCESE OF CAMDEN TRUSTS, INC.):**

You are requested to produce the following documents. The definitions and instructions appear below after the requests for production.

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All minutes of any committee, board or other advisory group affiliated with You Concerning the Chapter 11 Case, the Insurance Settlement, a Plan of Reorganization for the Debtor, the TDPs, the other Plan Documents and/or the Abuse Claims asserted in the Proofs of Claim in this Chapter 11 Case.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents provided to or generated by any committee, board or other advisory group to You Concerning the Chapter 11 Case, the Insurance Settlement, a Plan of Reorganization for the Debtor, the TDPs, the other Plan Documents and/or the Abuse Claims asserted in the Proofs of Claim in this Chapter 11 Case.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents (including presentations) and Communications exchanged between the Debtor and You Concerning the Chapter 11 Case, the Insurance Settlement, any Plan of Reorganization for the Debtor, the TDPs, the other Plan Documents and/or the Abuse Claims asserted in the Proofs of Claim in this Chapter 11 Case.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications Concerning Your contribution to the Trust and consideration of what to contribute to the Trust.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications of Your Board and/or any committee or other advisory group associated with You the reviewed and/or relied upon in evaluating and/or determining the amount of Your contribution to the Trust.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning the methodology that was employed to allocate the aggregate contribution by all Other Catholic Entities associated with the Debtor to the Trust to individual Parishes including any allocation by percentage or other means of the aggregate contribution to individual Parishes.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning the calculation and/or determination of the amount of Your contribution to the Trust.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications between or among any of Your committees, boards or other advisory groups, on the one hand, and the Diocese, other Parishes, the Tort Committee and/or Abuse Claimants or their respective counsel on the other hand, Concerning Your Parish's contribution to the Trust.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning the TDPs to be employed with any Plan of Reorganization for the Debtor, including all drafts of the TDPs and the other Plan Documents.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications relating to Your cash and financial assets, including but not limited to bank statements, investment statements, listing of individual assets/holdings and associated market values, appraisals or other indicators of market value, records demonstrating any conditions or restrictions of use and/or encumbrances on the assets and any analysis related thereto.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications relating to any agreements between or among You, the Diocese, Other Catholic Entities and/or the Parishes that address in any way responsibility for defending and/or indemnifying claims by persons alleging injury arising from abuse.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning Your incorporation, including but not limited to the rationale for Your incorporation and any financial analysis done by the Diocese in conjunction with Your incorporation.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning the negotiation of the DOCT Loan, including but not limited to the negotiation of the amount and terms of the DOCT Loan.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning your agreement to waive all Claims against the Diocese and its Estate, as laid out in Section 7.2.2 of the Plan.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that set out Your document retention policies and practices over the last five years, including but not limited to the period over which You retain electronic communications.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents that memorialize any directive or instruction given by anyone to You and and Your staff directing documents concerning Abuse Claims and/or this Chapter 11 Case be retained.

## DEFINITIONS

For the purposes of this Subpoena and these Requests for Production, the following Definitions shall apply:

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2. The term "Abuse Claim" shall have the meaning ascribed to that term in the *Eighth Amended Plan of Reorganization* [Docket No. 1725].

3. The term "Century" shall mean Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America.

4. The term "Chapter 11 Case" means the case filed by the Debtor under chapter 11 of the Bankruptcy Code, administered under Case No. 1:20-bk-21257.

5. The term "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes,

telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

6.  The term "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

7.  The term "Debtor" means the Diocese of Camden, New Jersey.

8.  The term "Diocese" shall mean the Diocese of Camden, New Jersey.

9.  The term "DOCT Loan" shall have the meaning ascribed to that term in the *Eighth Amended Plan of Reorganization* [Docket No. 1725].

10. The term "Documents" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a). "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

11. "Insurance Settlement" shall mean the *Settlement Agreement and Release* by and between the Diocese and certain settling insurers, including, among others, Century as well as any amendments, attachments, schedules, or exhibits thereto. [Docket Nos. 1087-2, as amended by Docket No. 1144].

12. The term "Other Catholic Entities" shall have the meaning ascribed to that term in the *Eighth Amended Plan of Reorganization* [Docket No. 1725].

13. The term "Parish" shall have the meaning ascribed to that term in the shall have the meaning ascribed to that term in the *Eighth Amended Plan of Reorganization* [Docket No. 1725].

14. The term "Petition Date" means October 1, 2020, the date of filing of this Chapter 11 Case.

15. "Plan" and/or "Plan of Reorganization" means any plan of reorganization for the Diocese of Camden including without limitation the *Eighth Amended Plan of Reorganization* [Docket No. 1725].

16. The term "Plan Documents" shall have the meaning ascribed to that term in the *Eighth Amended Plan of Reorganization* [Docket No. 1725].

17. The term "Proof of Claims" and "POC" shall have the meaning ascribed to the term "Proof of Claim" in the *Eighth Amended Plan of Reorganization* [Docket No. 1725].

18. "TDP" shall mean the *Trust Distribution Plan in Connection with the Eighth Amended Plan of Reorganization* attached as Exhibit 2.2.113 to the Plan.

19. The term "Trust" shall have the meaning ascribed to that term in the *Eighth Amended Plan of Reorganization* [Docket No. 1725].

20. The terms "You", "Your" and variants thereof mean Diocese of Camden Trusts, Inc and any of its predecessors, successors, subsidiaries, affiliates, segments, or divisions thereof and all agents, persons or entities acting on their behalf.

## INSTRUCTIONS

For the purposes of these Requests, the following Instructions shall apply:

1. The preceding Definitions apply to each of the Requests. Any capitalized terms used but not defined herein shall have the meanings given to such terms in the Plan and/or Disclosure Statement.

2. The terms used in these Requests are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a Request. The terms "all," "any,"

and "each" shall each be construed as encompassing any, all, each, and every. The singular form of a word shall include the plural and vice versa. The terms "and" or "or" shall be both conjunctive and disjunctive. The term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

3. These Requests shall be deemed continuing in nature. In the event you become aware of or acquire additional information relating or referring to any of the following Requests, such additional information is to be promptly produced.

4. If any Document, or any part thereof, is not produced based on a claim of attorney- client privilege, work-product protection, mediation privilege, or any other claimed privilege or exemption from production, then in answer to such Request or part thereof, for each such Document, you must:

    a. Identify the type, title and subject matter of the Document;

    b. State the place, date, and manner of preparation of the Document;

    c. Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d. Identify the legal privilege(s) and the factual basis for the claim.