

|  |  |
| --- | --- |
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| In re: | |
| THE DIOCESE OF CAMDEN, NEW JERSEY, | |
| Debtor. | |

**Order Filed on June 22, 2022
by Clerk**

**U.S. Bankruptcy Court
District of New Jersey**

Case No. 20-21257 (JNP)

Chapter 11

**ORDER (I) SCHEDULING CERTAIN DATES AND DEADLINES IN CONNECTION
WITH CONFIRMATION OF THE EIGHTH AMENDED PLAN OF
REORGANIZATION, (II) ESTABLISHING CERTAIN
PROTOCOLS AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby

**ORDERED**.

**DATED: June 22, 2022**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

(Page 2)

| Debtor: | The Diocese of Camden, New Jersey |
|---|---|
| Case No. | 20-21257 (JNP) |
| Caption of Order: | Order (I) Scheduling Certain Dates and Deadlines In Connection With Confirmation of the Eighth Amended Plan of Reorganization, (II) Establishing Certain Protocols and (III) Granting Related Relief |

---

**THIS MATTER** having been opened by the Court to (i) fix certain dates and deadlines in connection with confirmation of the *Eighth Amended Plan of Reorganization* (as may be subsequently amended, the "**Plan**") and all related discovery and a hearing on the *Motion for Entry of an Order to Approve Settlement of Controversy by and among the Diocese and Certain Settling Insurers Pursuant to Federal Rule of Bankruptcy Procedure 9019(a)* (as supplemented, the "**Insurance Settlement Motion**"), (ii) establish the protocols below and (iii) grant related relief; and the Court having jurisdiction to consider this matter and the relief requested therein pursuant to 28 U.S.C. § 1334(b), and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, as amended on September 18, 2012; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief granted herein is in the best interests of The Diocese of Camden, New Jersey, debtor and debtor-in-possession (the "**Diocese**" or the "**Debtor**"), its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** as follows:

1.      The schedule set forth below shall govern discovery in connection with confirmation of the Plan and a hearing on the Insurance Settlement Motion (the "**Confirmation Proceedings**") and the protocols set forth below shall govern discovery in connection with the Confirmation Proceedings (the "**Protocols**").

2.      Any party in interest that intends to participate in the Confirmation Proceedings (a "**Proposed Participant**") must first file with the Court a notice indicating such intent (a "**Notice**

(Page 3)

| Debtor: | The Diocese of Camden, New Jersey |
| Case No. | 20-21257 (JNP) |
| Caption of Order: | Order (I) Scheduling Certain Dates and Deadlines In Connection With Confirmation of the Eighth Amended Plan of Reorganization, (II) Establishing Certain Protocols and (III) Granting Related Relief |

---

**of Intent**") at any time prior to the close of the Confirmation Proceedings, in accordance with the form attached to this Order as **Exhibit A**. However, each Proposed Participant who then becomes a Participating Party must comply with and will be bound by all deadlines and other provisions set forth in the Confirmation Scheduling Order and shall not be allowed to reopen any deadlines that have already passed, absent (a) consent of the Debtor and other Participating Parties or (b) further order of this Court.

3.      The Debtor and other Participating Parties shall, within five (5) days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any grounds, including, but not limited to, that the Notice of Intent is intended solely for purposes of harassment, was filed by persons that are not parties in interest within meaning of section 1109 of the Bankruptcy Code, does not comply with the terms of this Order, or does not demonstrate a legally cognizable interest in the Confirmation Proceedings. This shall be the only means by which the Debtor or other Participating Parties may challenge the Notice of Intent of a Proposed Participant; however, it shall be without prejudice to the Debtor's or other Participating Parties' rights to raise similar objections in other contexts, including, but not limited to, in connection with any specific discovery request or briefing. No Proposed Participant shall be deemed a Participating Party unless (a) no objection is filed within five (5) days of the filing of the Proposed Participant's Notice of Intent or (b) if an objection to the Notice of Intent is filed, the Court overrules such objection.

4.      Only a Proposed Participant who files a Notice of Intent, as to which no objection is timely filed or an objection is filed but is overruled by the Court, may take part in the

(Page 4)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No. | 20-21257 (JNP) |
| Caption of Order: | Order (I) Scheduling Certain Dates and Deadlines In Connection With Confirmation of the Eighth Amended Plan of Reorganization, (II) Establishing Certain Protocols and (III) Granting Related Relief |

---

Confirmation Proceedings, including, without limitation, discovery and presentation of evidence at or in connection with the Confirmation Proceedings (each such party, a "**Participating Party**").

5.        The Participating Parties shall automatically include, without the need to file a Notice of Intent: (i) The Diocese, (ii) the non-debtor affiliates of the Diocese listed in the documents filed at ECF No. 244 and ECF No. 422, (iii) the Official Committee of Tort Claimant Creditors, (iv) the Official Committee of Trade Creditors, (v) the Insurers, (vi) the Future Claims Representative and (vii) the Office of the United States Trustee.[1] Each Participating Party shall be bound by this Court's Discovery Confidentiality Order (Dkt. No. 391).

6.        The following dates and deadlines shall govern discovery in connection with the Plan Proceedings (such dates and deadlines, the "**Schedule**"):

| Deadline | Event |
|---|---|
| June 24, 2022 | Deadline to serve written discovery, excluding requests for admissions |
| June 29, 2022 | Response date for pending pre-trial motions returnable 7/13/22 at 10:00 a.m. |
| June 30, 2022 | Deadline to serve responses and objections to written discovery |

---

[1]        The "**Insurers**" are Granite State Insurance Company, Lexington Insurance Company, and National Union Fire Insurance Company of Pittsburgh, PA; Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Federal Insurance Company, and Illinois Union Insurance Company; Interstate Fire & Casualty Company; Underwriters at Lloyd's, London, and certain London Market Insurance Companies, including Catalina Worthing Insurance Ltd f/k/a HFPI (as Part VII transferee of Excess Insurance Co. Ltd. and London & Edinburgh Insurance Co. Ltd. as successor to London & Edinburgh General Insurance Co. Ltd.), RiverStone Insurance (UK) Limited (as successor in interest to Terra Nova Insurance Co. Ltd), and Sompo Japan Nipponkoa Insurance Co. of Europe Limited (formerly known as The Yasuda Fire & Marine Insurance Co.), who subscribed severally and not jointly as their interests appear to Package, Excess Umbrella, Excess Broadform and other Policies providing insurance to the Diocese of Camden and other Non-Debtor Diocesan Related Entities; and The National Catholic Risk Retention Group.

(Page 5)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No. | 20-21257 (JNP) |
| Caption of Order: | Order (I) Scheduling Certain Dates and Deadlines In Connection With Confirmation of the Eighth Amended Plan of Reorganization, (II) Establishing Certain Protocols and (III) Granting Related Relief |

| Deadline | Event |
|---|---|
| June 30, 2022 | Deadline for production of documents in response to written discovery and service of privilege logs |
| July 5, 2022 | Deadline to complete meet and confers on written discovery disputes |
| July 8, 2022 | Deadline to submit written discovery disputes to Court |
| July 8, 2022 | Deadline for all parties to designate fact and expert witnesses and topics for testimony relating to Plan Proceedings |
| July 11, 2022 | Deadline to submit responses to written discovery disputes to the Court |
| July 13, 2022 | Court to determine written discovery disputes |
| July 13, 2022 | Hearing on Pre-Trial Motions re: Insurance Settlement Motion |
| July 15, 2022 | Deadline for production of disputed discovery that is ordered to be produced |
| June 24-July 29, 2022 | Fact Depositions |
| July 25, 2022 | Trust Advisory Committee, Trust Administrator and Abuse Claims Reviewer must be disclosed, and all plan supplements filed |
| July 29, 2022 | Completion of Fact Discovery; except as to Trust Advisory Committee, Trust Administrator and Abuse Claims Reviewer, which deadline shall be the later of July 29, 2022 or 14 days after such disclosure or plan supplement is filed. |
| July 29, 2022 | Expert reports due |
| August 4, 2022 | Rebuttal expert reports due |
| August 5, 2022 | Deadline to serve requests for admission |
| August 5, 2022 | Voting deadline on Plan |
| August 8- 12, 2022 | Expert depositions |
| August 10, 2022 | Voting report deadline |
| August 12, 2022 | Deadline for responses to requests for admission |
| August 15, 2022 | Deadline for filing objections to confirmation of the Plan ("**Plan Objections**") |
| August 15, 2022 | Deadline for filing motions to quash and/or motions in limine (re: confirmation) |
| August 18, 2022 | Deadline for filing responses to motions to quash and/or motions in limine (re: confirmation) |

(Page 6)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No. | 20-21257 (JNP) |
| Caption of Order: | Order (I) Scheduling Certain Dates and Deadlines In Connection With Confirmation of the Eighth Amended Plan of Reorganization, (II) Establishing Certain Protocols and (III) Granting Related Relief |

| Deadline | Event |
|---|---|
| August 22, 2022 | Hearing on all motions to quash and/or motions in limine (re: confirmation), and all remaining motions |
| August 24, 2022 | Responses to Plan Objections due |
| August 24, 2022 | Deadline to submit joint pretrial order, witness declarations, and exhibit lists |
| August 24, 2022 | Final Pretrial Conference |
| August 29, 2022 | Commencement of evidentiary hearing on the Plan Proceedings |

7.      If a Participating Party fails to comply with any of the dates or deadlines set forth in the foregoing Confirmation Schedule, such failure shall be a waiver of the applicable event by such Participating Party; provided, however, nothing in this Order shall preclude any Participating Party from (a) seeking other or further discovery, or to adjourn the deadlines set forth in paragraph 6, or (b) opposing such a request. Parties must make reasonable efforts to meet and confer regarding any request for additional discovery or to change the dates set forth in paragraph 6 prior to seeking Court intervention.

8.      **Discovery of Debtor, Parties and Third Parties**. The Participating Parties are hereby authorized to serve confirmation-related discovery pursuant to Bankruptcy Rule 9014, including by seeking documents from the Debtor, other parties in interest, and any third parties. For the avoidance of doubt, (a) no further motion practice is required prior to serving discovery under these Protocols and (b) nothing in this paragraph abrogates the requirements of Rule 45 of the Federal Rules of Civil Procedure.

(Page 7)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No. | 20-21257 (JNP) |
| Caption of Order: | Order (I) Scheduling Certain Dates and Deadlines In Connection With Confirmation of the Eighth Amended Plan of Reorganization, (II) Establishing Certain Protocols and (III) Granting Related Relief |

---

9.      **Document Production**. The following provisions apply to requests for production of documents directed to any party (collectively, "**Receiving Parties**") in connection with the Confirmation Proceedings:

(a)      *Document Discovery from Advisors*. Each Receiving Party that is the recipient of a request for the production of documents shall make reasonable efforts to produce responsive and non-privileged documents on behalf of any legal, financial, or industry advisor (i) currently retained by such Receiving Party in connection with this Chapter 11 Case or (ii) whose documents or information are within the Receiving Party's possession, custody or control, without the need for such advisor to be subpoenaed directly.

(b)      *Assertions of Privilege*. If any Receiving Party intends on withholding or redacting any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, the Receiving Party and requesting Participating Party (the "**Requesting Party**") shall meet and confer on the scope and format of corresponding privilege logs. A Receiving Party shall provide its initial privilege log(s) to all applicable Requesting Parties within seven (7) calendar days after it substantially completes production of documents in response to document requests, but in no event later then June 30, 2022.

(Page 8)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No. | 20-21257 (JNP) |
| Caption of Order: | Order (I) Scheduling Certain Dates and Deadlines In Connection With Confirmation of the Eighth Amended Plan of Reorganization, (II) Establishing Certain Protocols and (III) Granting Related Relief |

10.     **Expert Testimony**.   No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B) and sitting for a deposition, which may be attended by any Participating Party. Any Participating Parties challenging such report will meet and confer to determine the scheduling of and apportioning of questioning time during such depositions.

11.     **Discovery Disputes**. Discovery disputes that cannot be resolved by the parties shall be filed with the Court on letter briefs and on notice to all Participating Parties. No letter brief shall exceed five (5) single-spaced pages. Opposition letters shall be filed and served within three (3) days after service of any moving letter brief, unless the Court orders otherwise.

12.     **Service**. The Debtor shall maintain and periodically file with the Court a list of all Participating Parties and their attorneys (including email address), which will be the official service list for discovery related to the Confirmation Proceedings (the "**Plan Confirmation Service List**"). The Debtor shall amend the Plan Confirmation Service List as necessary and promptly file such amend Plan Confirmation Service List with this Court. The Participating Parties shall serve all discovery requests and written responses and other formal discovery papers that are not filed by email on all other Participating Parties. If transmission of voluminous materials as an email attachment is impractical, materials shall be posted on an FTP or data site and all Participating Parties shall be provided access to the materials.

(Page 9)

Debtor:                 The Diocese of Camden, New Jersey

Case No.                20-21257 (JNP)

Caption of Order:       Order (I) Scheduling Certain Dates and Deadlines In Connection With Confirmation of the
                        Eighth Amended Plan of Reorganization, (II) Establishing Certain Protocols and (III)
                        Granting Related Relief

---

13.    **Modifications**. The Protocols, dates, and terms in this Order may be modified or waived by the consent of Debtor and any applicable Participating Parties without Court approval, except for any dates involving briefings or submissions to the Court, or any dates involving conferences or hearings with the Court, including but not limited to the following: the deadlines to submit the Pretrial Order, Witness and Exhibit Lists, Motions in Limine and Oppositions thereto, and for the Final Pretrial Conference.

14.    **Service**. The Debtor shall serve this Order on all parties receiving a Solicitation Package within three (3) days of entry hereof.

15.    **Time Periods**. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:                                                      Chapter 11

THE DIOCESE OF CAMDEN, NEW JERSEY,                          Case No. 20-21257 (JNP)

                    Debtor.

## NOTICE OF INTENT OF [PARTY] TO PARTICIPATE IN
## PLAN CONFIRMATION PROCEEDINGS

In accordance with the *Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtor's Eighth Amended Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* [Dkt. No. ___] (the "**Confirmation Scheduling Order**"), [Party name and basis for interest], hereby provides notice of intent to participate in the Confirmation Proceedings (as defined in the Confirmation Scheduling Order). Pursuant to the Confirmation Scheduling Order, [the Party] agrees to comply with the deadlines set forth therein and the terms of the Discovery Confidentiality Order (Dkt. No. 391).

1.      The address of [Party[2]] is: [Name] [Address] [City] [State] [ZIP].

2.      The [Party's] claims against the Debtor are set forth in proof of claim number[s] [Nos.] and are as follows: [description of claims]. [Identification of any adversary proceedings against Debtor that Party is also a party to].

3.      The names and addresses of counsel to [Party] are:  [Firm] [Name] [Address] [City] [State] [ZIP]

Dated:_____                          [Signature Block]

[Location]

---

[2]      Parties who represent abuse survivors may use "John Doe" or another identifier to protect the identity of the survivor.