**Damien Nicholas Tancredi, Esq.**
**FLASTER/GREENBERG, P.C.**
1801 Chapel Avenue West
Cherry Hill, NJ 08002
(215) 587-5675
Damien.tancredi@flastergreenberg.com
*Counsel for Diocese of Camden Trusts, Inc. and the Diocese of Camden Healthcare Foundation, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: | **CAMDEN VICINAGE**<br>**Chapter 11** |
| Diocese of Camden, New Jersey | Case No: 20-21257 |
| Debtor. | Hon. Jerrold N. Poslusny, Jr. |
| | Hearing Date: December 8, 2021 at 10:00 a.m. |

**RESPONSE TO DISCOVERY REQUESTS**

The Diocese of Camden Trusts, Inc. (the "DOCT") and the Diocese of Camden Healthcare Foundation ("Healthcare Foundation" and, collectively, the "OCEs") submit this response to the Requests for Production (the "Requests") that were served upon the OCEs on June 22, 2022 (DOCT) and June 24, 2022 (Healthcare Foundation) by Century Indemnity Company ("CIC"). The OCEs objected to production of documents to CIC's Requests on the grounds that such documents are irrelevant to any objection CIC, or any other insurer (collectively, the "Insurers") may have to the confirmation of the Debtor's Plan of Reorganization (the "Plan") or any other dispute that may exist between those parties. Simply put, neither of the OCEs are named in any abuse claim that could potentially be covered by any Insurer's policy. Furthermore, as this Court has stated with respect to DOCT, the DOCT's assets are not property of the Debtor's estate. The same can be said with greater force for the Healthcare Foundation. Since none of the abuse claims

10035003 v1

against the Debtor implicates either of the OCEs, the releases and channeling injunction in the Plan are irrelevant to Insurers' objection. Also, since none of the OCEs' assets are property of the estate, there is no relevancy or need to require the OCEs to produce any documents, to the extent any such documents exist.

Attached as Exhibit A are the objections submitted by the OCEs. The OCEs request that the Court order the objections posed by the OCEs are valid an no further production is needed.

*Relevancy*

As stated above, neither OCE is alleged to have any involvement in any tort claim that would be covered by the Insurers' policies. Since there are no allegations implicating the Insurers' policies, the Insurers cannot require the OCEs to produce documents that necessarily cannot be related to any potentially insured claim. There are no documents that could be produced that would affect any indemnification obligations for any tort claims because the OCEs, which are now being tasked with answering extremely voluminous discovery, were never faced with such claims. Either the OCE or the Debtor to the Tort Claimants Committee (the TCC") has already produced documents relevant to the OCEs and such documents have been turned over the Insurers. The additional Requests are simply a form of harassment against the OCEs.

The Requests seek information held by the OCEs related to the Debtor's bankruptcy case, the Insurance Settlement, the Debtor's plan, the Trust Distribution Plan, the "Other Plan Documents" or the Abuse Claims (as such terms are defined in the Requests). In addition to being widely overbroad, there is nothing possible in the possession, custody, or control of the OCEs

involving these areas that could in any way be relevant to the Insurers' objections to the Plan or other rights it seeks to assert in the Debtor's case.[1]

Any discussions by the OCEs or their governing bodies related to the amount such OCE would contribute to the Debtor's Plan is irrelevant to the Insurer's objections. Since no abuse claims were filed against either OCE, then any release of any abuse claim did not factor into the analysis of how much the OCE would contribute. The OCE's analysis of its contribution was based upon the potential risks set forth in the TCC's litigation against the DOCT. These discussions were not impacted by the Insurers' obligations to the OCEs. Questions related to the OCE's financial means are equally irrelevant when considering that substantial contribution is unrelated to the assets of the contributing party, but rather the value of the release provided in light of the threat of the claims against it. Again, since there are no tort claims against the OCEs, then the value of the release has nothing to do with the Insurers' objections and is irrelevant to the Insurers. Equally irrelevant are the discussions regarding the DOCT Loan (which was requested to both the DOCT and the Healthcare Foundation for the same reasons stated herein).

Since none of the Requests are relevant to the Insurers' claims, the OCEs' objections were properly lodged.

*Property of the Estate*

This Court has already recognized that the DOCT and the Debtor are separate entities. *See*, Memorandum Opinion at 16 (Dkt. No. 1365). The Court, in that Opinion, held that the TCC did not have standing to derivatively assert an alter-ego or fraudulent transfer claim against the DOCT because it could not establish a colorable claim for either cause of action. *Id*. The same is

---

[1] The OCEs do not waive any other objections to the Requests, such as the fact that they are impermissibly vague and overly burdensome. Furthermore, nothing contained herein shall constitute a waiver of any privilege belonging to the OCEs.

demonstrably true for the Healthcare Foundation, which, as the Disclosure Statement highlights, was created pursuant to a *Cy Pres* Order by the Superior Court of New Jersey when multiple nursing homes were closed and their assets sold. The same logic applies to the Healthcare Foundation as it does to the DOCT. To make matters worse, the Insurers have less rights than the TCC had with respect to property of the Debtor's estate because the Insurers are not even the Debtor's creditors. The assets are held by entities entirely separate from the Debtor's estate. No such assets are property of the Debtor's estate and, therefore, the Insurers do not have a right to seek any documents pertaining to assets that are exclusively held by non-debtor third parties. The OCE's funds are not available to Debtor and, accordingly, are not considered when evaluating any hypothetical liquidation. The Insurers do not have any right to receive documentation concerning assets to which the Debtor is not entitled.

*Conclusion*

Simply put, the issues between the Insurers and the Debtor do not implicate the OCEs. The Insurers served their Requests only to harass the OCEs and forcing these charitable entities to engage in an irrelevant fishing expedition is the hallmark of a waste of resources and time, especially when considering the massive amount of documentation already provided to the Insurers through other parties.

**FLASTER/GREENBERG, P.C.**

Dated: July 11, 2022    */s/ Damien Nicholas Tancredi*

Damien Nicholas Tancredi, Esq.
1801 Chapel Avenue West
Cherry Hill, NJ 08002
(215) 587-5675
Damien.tancredi@flastergreenberg.com
*Counsel for the Diocese of Camden Trusts, Inc.*