**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter **11** |
| THE DIOCESE OF CAMDEN, NEW JERSEY, | Case No. 20-21257 (JNP) |
| Debtor. | |

**HERMAN LAW'S VERIFIED STATEMENT**
**PURSUANT TO BANKRUPTCY RULE 2019**

Lara Lovett, Esq., certifies as follows:

1. I am an attorney with the firm Herman Law, and am authorized to provide this Statement pursuant to Bankruptcy Rule 2019.

2. I provide this Statement in connection with Herman Law's representation of Claimants holding tort claims in proposed Class 5 against Debtor Diocese of Camden (the "Diocese"). These claims are against the Diocese and certain non-debtors arising from child sexual abuse.

3. Herman Law devotes its law practice to the representation of victims of child sexual abuse in civil cases. Herman Law represents clients in these matters across the country. Given this expertise, Herman Law has been retained by victims of child sexual abuse in parishes of the Diocese to pursue their claims against the Diocese, parishes and/or schools. Herman Law represents no creditors or parties in interest in this Chapter 11 proceeding other than sex abuse survivors with tort claims.

4. To the best of my knowledge, neither Herman Law nor any attorney or employee of the firm has at any relevant time owned any claim or interest in the Debtor.

5. Exhibit "A" identifies the Herman Law Clients with claims in this proceeding. Due to confidentiality, each Claimant listed in Exhibit A has been identified by their Sexual Abuse Proof of Claim Form number assigned by the Clerk of Court. The names and addresses of the confidential Claimants are available to permitted parties who have executed a confidentiality agreement and have access to the Sexual Abuse Claim Forms. (Confidentially Order dated February 3, 2021).

6. A true and correct copy of New Jersey exemplar retainer agreement between Herman Law and each of its clients who are Claimants in this proceeding are attached hereto as Exhibit B. This agreement complies with NJ Rule 1:21-7(c). Herman Law's interest relative to each Claimant is set forth in the retainer agreement executed by each Claimant, and is shown in the exemplar retainer agreement.

7. The information set forth in this Verified Statement is intended only to comply with Bankruptcy Rule 2019 and not for any other purpose.

8. The undersigned reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

The undersigned verifies that the foregoing is true and correct, to the best of the undersigned's knowledge and belief.

Dated: July 12, 2022

By: Lara L. Lovett

HERMAN LAW
434 W. 33rd St., 7th Floor New York, NY l000 1
Phone: (212) 390-0100
Email: llovett@hermanlaw.com

# EXHIBIT A

# Herman Law Client Log

| Client (Identified by Initials) | Claim No. |
|---|---|
| C.D. | 479 |
| R.F. | 477 |
| R.H. | 476 |
| M.I. | 493 |
| F.M. | 494 |
| M.P. | 478 |
| P.T. | 481 |
| P.T. | 482 |
| C.W. | 480 |

# EXHIBIT B

# HERMAN LAW

Tel 212-390-0100
Fax 305-931-0877

434 West 33rd Street
Penthouse
New York, NY 10010
www.hermanlaw.com

CONTINGENCY FEE
RETAINER AGREEMENT

I, ____________________________, on behalf hereby retain and employ Herman Law[1] as my attorneys to represent me in a claim for damages against any party liable therein resulting from sexual abuse.

This employment is based upon a contingent fee basis and, if no recovery is made, I will not be indebted to said attorneys for any sum whatsoever. As compensation for services, I agree to pay said attorneys from the net proceeds of recovery, the following fee:

- 33 1/3% of the first $750,000 recovered;
- 30% of the next $750,000 recovered;
- 25% of the next $750,000 recovered;
- 20% of the next $750,000 recovered; and
- on all amounts recovered in excess of the above by application for reasonable fee in accordance with the provisions of the court rule.

If the Court awards attorneys' fees to you, the recovery of any such fees shall be added to the gross proceeds of recovery in calculating the attorneys' fee under this Agreement.

The Law Firm has offered to represent me and charge legal fees and expenses which I will be required to pay even if money is not recovered. I have rejected this and have instead agreed to pay the contingent fees as set forth in the Agreement.

As indicated under R. 1:21-7(f), the Law Firm may ask that the Court require me to pay a greater legal fee if it has not been adequately compensated for time and effort. A copy of any request to the Court will be forwarded to me. The Court will then decide whether or not to increase the legal fees.

I authorize you to incur costs and expenses in prosecuting my claim which you may take from the gross proceeds of recovery. I understand that these costs and expenses will be incurred in your discretion, and may include, without limitation, investigation expenses, expenses for expert or other testimony or evidence, and the costs of briefs and transcripts.

I understand that you may need to associate with an attorney licensed to practice law in the State of New Jersey to serve as local counsel in prosecuting my claim. This will not change the fee to be paid in the case, which will be as stated above.

---

1 Herman Law Firm , P.A. d/b/a/ Herman Law

I understand that representation by attorneys hereunder may depend on developments in the law with regard to pending appeal(s). Attorneys will promptly advise client of changes in the law substantially affecting his case.

Agreed to and accepted this _____ day of _______________, 2021.

| | |
|---|---|
| CLIENT | HERMAN LAW |
| By: ______________________________ | By: ______________________________ |
| Name: | Jeff Herman |