**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1

**LOWENSTEIN SANDLER LLP**
Jeffrey D. Prol, Esq.
Lynda A. Bennett, Esq.
Michael A. Kaplan, Esq.
Brent Weisenberg, Esq.
Colleen M. Restel, Esq.
Rasmeet K. Chahil, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Email:  jprol@lowenstein.com
Email:  lbennett@lowenstein.com
Email:  mkaplan@lowenstein.com
Email:  bweisenberg@lowenstein.com
Email:  crestel@lowenstein.com
Email:  rchahil@lowenstein.com

*Counsel to the Official Committee*
*of Tort Claimant Creditors*

| | |
|---|---|
| *In re*: | Chapter 11 |
| THE DIOCESE OF CAMDEN, NEW JERSEY, | Case No. 20-21257 (JNP) |
| Debtor. | |

**CERTIFICATION OF MICHAEL A. KAPLAN IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANT CREDITORS (I) COMPELLING INTERSTATE FIRE & CASUALTY COMPANY, ALLIANZ REINSURANCE AMERICA, INC., AND INSURANCE SERVICES OFFICE TO PROVIDE DISCOVERY AND TESTIFY REGARDING THE BREACH OF CONFIDENTIALITY, (II) REQUIRING ISO TO DELETE ABUSE CLAIM INFORMATION, (III) HOLDING INTERSTATE IN CONTEMPT OF COURT, AND (IV) REQUIRING INTERSTATE TO PAY THE COMMITTEE'S ATTORNEYS' FEES**

Pursuant to 28 U.S.C. § 1746, I, Michael A. Kaplan, hereby certify under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.      I am a partner at the law firm of Lowenstein Sandler LLP, counsel in the above-captioned Chapter 11 Case to the Official Committee of Tort Claimant Creditors (the "Committee").

2.      I submit this Certification in support of the Committee's motion ("Motion") (i) compelling Interstate Fire & Casualty Company ("Interstate"), Allianz Reinsurance America, Inc., d/b/a Allianz Resolution Management ("AZRA") and Insurance Services Office ("ISO") to provide discovery and testify regarding the breach of confidentiality regarding abuse survivor proofs of claim ("Abuse Claims"), (ii) enjoining AZRA and ISO from accessing, using, or sending the Abuse Claim information while this Motion is pending, other than to comply with an Order on item (i); requiring ISO to delete the Abuse Claim information in its possession, (iii) holding Interstate in contempt of court, and (iv) requiring Interstate to pay the Committee's attorneys' fees in connection with the Motion.

3.      Attached as **Exhibit A** is a true and correct copy of an email chain dated March 11, 2021, between counsel for Interstate, counsel to the Diocese, and counsel to the Committee.

4.      Attached as **Exhibit B** is a true and correct copy of the Notification of Disclosure filed by Interstate in *In re The Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345-SCC, Dkt. 2524 (Bankr. S.D.N.Y. Sept. 29, 2023).

5.      Attached as **Exhibit C** is a true and correct copy of the Notification of Disclosure filed by Interstate *In re The Roman Catholic Diocese of Syracuse, New York*, Case No. 20-30663-WAK, Dkt. 1439 (Bankr. N.D.N.Y. Sept. 28, 2023).

6.      Attached as **Exhibit D** are true and correct excerpts from the docket in *In re Norwich Roman Catholic Diocesan Corporation*, No. 2l-20687 (Bankr. D. Conn.), including the

Order to Show Cause at Dkt. 1121 and the Order Regarding Claims and Noticing Agent at Dkt.

1177.

     I certify under penalty of perjury that the foregoing information is true and correct to the

best of my knowledge, information and belief, and I understand that I am subject to punishment

if any of the foregoing statements made by me are willfully false.


Dated:  October 3, 2022                                        _____
                                                    Michael A. Kaplan, Esq.

# EXHIBIT A

**Chahil, Rasmeet K.**

---

| From: | Jones, Charles E. <charles.jones@lawmoss.com> |
| --- | --- |
| Sent: | Thursday, March 11, 2021 2:01 PM |
| To: | Bennett, Lynda A.; Robert S. Roglieri |
| Cc: | Richard D. Trenk; Jesse, Eric; Siobhain P. Minarovich; Peter McNamara |
| Subject: | RE: The Diocese of Camden, New Jersey v. Insurance Company of North America, et al.; Adv. Pro. No. 20-1573 (JNP) |

The points I'm making are threefold:

First, the Court would not have issued that Order, restricting access, if the Diocese and the Claimants' Committee had not actively opposed the insurers' request for unrestricted access.  As I have mentioned, such unrestricted access has occurred in all but one other Diocesan bankruptcy.  There has never been even a hint (of which I am aware) that any of the parties in those other proceedings breached confidentiality.

Second, the fact that the Committee and the Diocese sought the restriction will increase the cost and litigiousness of this case.

Third, I hope the Committee and the Diocese will reconsider their position, and will not oppose the insurers' inevitable request for access to all POCs.

Thank you.


**Charles E. Jones**

Attorney At Law

# Moss & Barnett

Direct: (612) 877-5259  |  Charles.Jones@lawmoss.com

Fax: (612) 877-5012

vCard  |  Bio  |  LinkedIn  |  Twitter  |  Facebook  |  www.LawMoss.com

150 South Fifth Street  |  Suite 1200  |  Minneapolis, MN 55402

Notice: Important disclaimers and limitations apply to this email.
Please click here for our disclaimer and here for our privacy policy.

---

**From:** Bennett, Lynda A. <LBennett@lowenstein.com>
**Sent:** Thursday, March 11, 2021 12:55 PM
**To:** Jones, Charles E. <charles.jones@lawmoss.com>; Robert S. Roglieri <RRoglieri@MSBNJ.COM>
**Cc:** Richard D. Trenk <RTrenk@MSBNJ.COM>; Jesse, Eric <EJesse@lowenstein.com>; Siobhain P. Minarovich <Siobhain.Minarovich@rivkin.com>; Peter McNamara <peter.mcnamara@rivkin.com>
**Subject:** RE: The Diocese of Camden, New Jersey v. Insurance Company of North America, et al.; Adv. Pro. No. 20-1573 (JNP)

The Committee will be guided by the Court's Order which allows the insurers only to have access to POCs that impact their policy year(s).

**Lynda A. Bennett**
Chair, Insurance Recovery Practice
Lowenstein Sandler LLP

**T:** 973.597.6338
**M:** 908.693.1704
**F:** 973.597.6339

 

---

**From:** Jones, Charles E. <charles.jones@lawmoss.com>
**Sent:** Thursday, March 11, 2021 11:43 AM
**To:** Robert S. Roglieri <RRoglieri@MSBNJ.COM>
**Cc:** Richard D. Trenk <RTrenk@MSBNJ.COM>; Jesse, Eric <EJesse@lowenstein.com>; Bennett, Lynda A. <LBennett@lowenstein.com>; Siobhain P. Minarovich <Siobhain.Minarovich@rivkin.com>; Peter McNamara <peter.mcnamara@rivkin.com>
**Subject:** RE: The Diocese of Camden, New Jersey v. Insurance Company of North America, et al.; Adv. Pro. No. 20-1573 (JNP)

I understand that, but the Diocese (along with the claimants) opposed the insurers' request to have access in the first place.

We can simply agree to disagree at this point.

**Charles E. Jones**
Attorney At Law

## Moss & Barnett

Direct: (612) 877-5259  |  Charles.Jones@lawmoss.com
Fax: (612) 877-5012

vCard  |  Bio  |  LinkedIn  |  Twitter  |  Facebook  |  www.LawMoss.com

150 South Fifth Street  |  Suite 1200  |  Minneapolis, MN 55402

Notice: Important disclaimers and limitations apply to this email.
Please click here for our disclaimer and here for our privacy policy.

---

**From:** Robert S. Roglieri <RRoglieri@MSBNJ.COM>
**Sent:** Thursday, March 11, 2021 10:23 AM
**To:** Jones, Charles E. <charles.jones@lawmoss.com>
**Cc:** Richard D. Trenk <RTrenk@MSBNJ.COM>; Jesse, Eric <EJesse@lowenstein.com>; 'LBennett@lowenstein.com' <LBennett@lowenstein.com>; Siobhain P. Minarovich <Siobhain.Minarovich@rivkin.com>; Peter McNamara <peter.mcnamara@rivkin.com>
**Subject:** RE: The Diocese of Camden, New Jersey v. Insurance Company of North America, et al.; Adv. Pro. No. 20-1573 (JNP)

Thanks Charles.  We intend to comply with the Court's order respecting which proofs of claim should be provided to insurers unless directed by the Court otherwise.  Obviously, the Diocese does not intend to put itself in a position where it can be held in contempt of a federal court order.

---

**From:** Jones, Charles E. <charles.jones@lawmoss.com>
**Sent:** Thursday, March 11, 2021 11:06 AM

**To:** Robert S. Roglieri <RRoglieri@MSBNJ.COM>
**Cc:** Richard D. Trenk <RTrenk@MSBNJ.COM>; Jesse, Eric <EJesse@lowenstein.com>; 'LBennett@lowenstein.com'
<LBennett@lowenstein.com>; Siobhain P. Minarovich <Siobhain.Minarovich@rivkin.com>; Peter McNamara
<peter.mcnamara@rivkin.com>
**Subject:** RE: The Diocese of Camden, New Jersey v. Insurance Company of North America, et al.; Adv. Pro. No. 20-1573
(JNP)


The policy periods are delineated in the policies, copies of which you have. The dates are November
27, 1978 to November 27, 1986.

We are, of course, not waiving our right to obtain access to all of the POCs.  In all (but one) of the
other bankruptcies in which I have represented Interstate, including several pending proceedings, we
have received that access, without any pushback from either the Diocese or the claimants. We
remain puzzled as to why the Diocese of Camden is acting so differently.  In our view, the Diocese's
position on this point, as well as many other points, is needlessly increasing the costs of this
proceeding, and we remain hopeful that the Diocese will reconsider.


Thank you.


**Charles E. Jones**
Attorney At Law

# Moss & Barnett

Direct: (612) 877-5259   |   Charles.Jones@lawmoss.com
Fax: (612) 877-5012

vCard   |   Bio   |   LinkedIn   |   Twitter   |   Facebook   |   www.LawMoss.com

150 South Fifth Street  |  Suite 1200  |  Minneapolis, MN 55402

Notice: Important disclaimers and limitations apply to this email.
Please click here for our disclaimer and here for our privacy policy.

---

**From:** Robert S. Roglieri <RRoglieri@MSBNJ.COM>
**Sent:** Thursday, March 11, 2021 9:58 AM
**To:** Jones, Charles E. <charles.jones@lawmoss.com>
**Cc:** Richard D. Trenk <RTrenk@MSBNJ.COM>; Jesse, Eric <EJesse@lowenstein.com>; 'LBennett@lowenstein.com'
<LBennett@lowenstein.com>
**Subject:** FW: The Diocese of Camden, New Jersey v. Insurance Company of North America, et al.; Adv. Pro. No. 20-1573
(JNP)

Thank you Charles.  As requested in my email, please provide us with the dates of your client's asserted policy periods.


Best regards,
Robert

---

**From:** Murphy, Brenda L. <brenda.murphy@lawmoss.com>
**Sent:** Thursday, March 11, 2021 10:51 AM
**To:** Robert S. Roglieri <RRoglieri@MSBNJ.COM>; Schwartz, Joseph <JSCHWARTZ@RIKER.com>; King, Jason
<jason.king@squirepb.com>; Schellhorn, Tara <tschellhorn@RIKER.com>; Atkin, Rachel <ratkin@RIKER.com>; Rossignol,
Michael <mrossignol@RIKER.com>; Wefelmeier, Marcia <MWefelmeier@RIKER.com>; Tarife, Pauline M.
<ptarife@RIKER.com>; Peter McNamara <peter.mcnamara@rivkin.com>; Michael Jones <Michael.Jones@rivkin.com>;
Siobhain P. Minarovich <Siobhain.Minarovich@rivkin.com>; Schiavoni, Tancred <tschiavoni@omm.com>;
cpowers@omm.com; akirschenbaum@omm.com; Sheridan, Mark <mark.sheridan@squirepb.com>; Roten, Russell W.
<RWRoten@duanemorris.com>; Kahane, Jeff D. <JKahane@duanemorris.com>; Jayakumar, Preetha

<Preetha.Jayakumar@clydeco.us>; Banker, David M. <DBanker@mmwr.com>; Jones, Charles E.
<charles.jones@lawmoss.com>; Sugayan, Catalina <Catalina.Sugayan@clydeco.us>; 'LBennett@lowenstein.com'
<LBennett@lowenstein.com>; 'EJesse@lowenstein.com' <EJesse@lowenstein.com>; Ross, Sommer L.
<SLRoss@duanemorris.com>
**Cc:** Richard D. Trenk <RTrenk@MSBNJ.COM>
**Subject:** RE: The Diocese of Camden, New Jersey v. Insurance Company of North America, et al.; Adv. Pro. No. 20-1573
(JNP)

Attached please find the Confidentiality Agreement executed on behalf of Interstate Fire &
Casualty.

*Brenda L. Murphy*
Legal Assistant to:
     Thomas J. Shroyer
     Matthew P. Kostolnik
     Charles E. Jones
     Taylor D. Sztainer
     Aaron P. Minster



Moss & Barnett

Direct: (612) 877-5313  |  Brenda.Murphy@lawmoss.com
150 South Fifth Street  |  Suite 1200  |  Minneapolis, MN 55402

Notice: Important disclaimers and limitations apply to this email.
Please click here for our disclaimer and here for our privacy policy.

**Best Lawyers**
**BEST LAW FIRMS**
**U.S.News 2021**

Read our Latest Firm Newsletter
Subscribe to our Firm Newsletter

---

**From:** Robert S. Roglieri <RRoglieri@MSBNJ.COM>
**Sent:** Wednesday, March 10, 2021 11:06 AM
**To:** Schwartz, Joseph <JSCHWARTZ@RIKER.com>; King, Jason <jason.king@squirepb.com>; Schellhorn, Tara
<tschellhorn@RIKER.com>; Atkin, Rachel <ratkin@RIKER.com>; Rossignol, Michael <mrossignol@RIKER.com>;
Wefelmeier, Marcia <MWefelmeier@RIKER.com>; Tarife, Pauline M. <ptarife@RIKER.com>; Peter McNamara
<peter.mcnamara@rivkin.com>; Michael Jones <Michael.Jones@rivkin.com>; Siobhan P. Minarovich
<Siobhain.Minarovich@rivkin.com>; Schiavoni, Tancred <tschiavoni@omm.com>; cpowers@omm.com;
akirschenbaum@omm.com; Sheridan, Mark <mark.sheridan@squirepb.com>; Roten, Russell W.
<RWRoten@duanemorris.com>; Kahane, Jeff D. <JKahane@duanemorris.com>; Jayakumar, Preetha
<Preetha.Jayakumar@clydeco.us>; Banker, David M. <DBanker@mmwr.com>; Jones, Charles E.
<charles.jones@lawmoss.com>; Sugayan, Catalina <Catalina.Sugayan@clydeco.us>; 'LBennett@lowenstein.com'
<LBennett@lowenstein.com>; 'EJesse@lowenstein.com' <EJesse@lowenstein.com>; Ross, Sommer L.
<SLRoss@duanemorris.com>
**Cc:** Richard D. Trenk <RTrenk@MSBNJ.COM>
**Subject:** The Diocese of Camden, New Jersey v. Insurance Company of North America, et al.; Adv. Pro. No. 20-1573 (JNP)

Counsel,

At today's hearing, the insurers asserted that they have not received any proofs of claim that were filed.  In response, please take note of the following.

The Bar Date Order provides, in relevant part, as follows: "the following confidentiality protocol ("Confidentiality Protocol") shall apply to all Survivor Proofs of Claim (and General Proofs of Claim that assert or appear to assert a Survivor Claim) submitted by Survivor Claimants . . . ." [ECF 409 at ¶15].  It continues, stating that confidential proofs of claims:

> shall be provided or made available only to the following parties (the "Authorized Parties"): . . . Any insurance company that provided insurance or reinsurance that may cover the claims described in any Survivor Proof of Claim, together with their respective successors, reinsurers, counsel, experts and consultants; *provided, however,* that the Diocese's insurers shall be provided with all Survivor Proof of Claim Forms alleging any abuse that occurred, even in part, during such insurer's policy periods, *provided further,* that access by the Diocese's insurers to Survivor Proof of Claim Forms alleging that abuse occurred wholly outside such insurer's policy periods shall be resolved at a later date, with nothing in this Order affecting such potential access . . . .

Id. at ¶15(iii)(iv).  The Bar Date Order states that: "Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Survivor Proof of Claim prior to the execution of a confidentiality agreement substantially in the form attached hereto as Exhibit C (the "Confidentiality Agreement") . . . Counsel of record to any Authorized Party shall only be required to execute a single Confidentiality Agreement, which shall be deemed binding on their entire firm . . .  Copies of all Confidentiality Agreements shall be provided to the Diocese and the Committee through their respective counsel."  Id. at ¶15(iv).

To date, the Diocese has **not** received an executed copy of the confidentiality agreement from **any** insurers, and, therefore, has not produced any confidential claims.  A copy of the confidentiality order, which is also attached to the Bar Date Order, is attached hereto for your convenience.  Once received by counsel for the Diocese and the Committee (as required by the order), the Diocese will begin production of any proofs of claim in strict compliance with the order (i.e. production of those that allege "any abuse that occurred, even in part, during such insurer's policy periods".  In this regard, and so that there is no confusion, the Diocese requests that each insurer provide the Diocese with the dates of the insurers' asserted policy periods simultaneously with the confidentiality orders.  As set forth previously, counsel to the Committee must be included on these communications.

If you have any questions, please do not hesitate to contact me.

Best regards,

Robert S. Roglieri, Associate
**McManimon, Scotland & Baumann, LLC**
75 Livingston Avenue | Suite 201 | Roseland, NJ 07068
**Direct Dial:** 973-721-5032
**Email:** rroglieri@msbnj.com
Website

**Connect with MS&B on LinkedIn | Twitter | Instagram**

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message . If you have received the message in error, please advise the sender by reply e-mail or contact the sender at McManimon, Scotland & Baumann, LLC by phone at (973) 622-1800 and delete the message. Thank you very much.

# EXHIBIT B

**Todd C. Jacobs**
d: (312) 477-3306
tjacobs@phrd.com

September 29, 2023

**VIA ELECTRONIC FILING**

Hon. Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

**RE:   In Re: The Roman Catholic Diocese of Rockville Centre, New York, Case
No. 20-12345-SCC (Bankr. S.D.N.Y.) Notification of Disclosure Under
Confidentiality Agreement (ECF No. 333)**

Dear Chief Judge Glenn:

This firm represents Interstate Fire & Casualty Company, National Surety Corporation, and Fireman's Fund Insurance Company (collectively, the "Interstate Insurers") in the above-referenced bankruptcy case.  We write on behalf of the Interstate Insurers and their affiliate and claims handler, Allianz Reinsurance America, Inc., dba, Allianz Resolution Management ("AZRA"), to notify the Court of the limited disclosure of certain information that may be considered confidential under the Order Establishing Deadline For Filing Proof of Claim and Approving the Claim Form and Manner of Notice Thereof ("Order") and the corresponding Authorized Party Confidentiality Agreement ("Authorized Party Agreement") (ECF No. 333).  AZRA provides this notice under ¶ 7 of the Authorized Party Agreement.  As discussed more fully below, AZRA believes that the disclosure was for a Permitted Use under the Authorized Party Agreement and that the entity the information was disclosed to by AZRA, Insurance Services Office ("ISO"), is an Authorized Party under the Order.

AZRA contracts with ISO for access to ISO's "ClaimSearch" product to assist AZRA in processing claims and detecting claims fraud.  ISO is a long-standing and well-regulated manager and provider of insurance claims information.  ClaimSearch is a comprehensive system for improving claims processing and preventing fraud in the property and casualty insurance industry.  It does so by allowing Participating Organizations with a password and login—generally limited to entities in the business of providing insurance, claims administrators, and select law enforcement—to access essential data for researching

prior-loss histories, identifying claims patterns, and detecting suspect claims. When a Participating Organization uses ClaimSearch as it processes a claim a record may be created for that claimant containing certain limited information such as the claimant's name, the insured on the policy at issue, and general and categorical descriptions of the claimant's alleged injury and claimed loss. If a second Participating Organization submits or has submitted a claim or inquiry for that claimant, they may receive a match report containing the record created from the prior Participating Organization's claim submission.

ISO has strict confidentiality agreements with each Participating Organization as well as robust Privacy and Security Policies. It is also regulated and operates consistent with applicable privacy obligations, including those under the Health Insurance Portability and Accountability Act of 1996 (HIPPA); the Gramm-Leach-Bliley Act and similar state or local statute, rule and regulation; and the Federal Drivers Privacy Protection Act. ISO Participating Organizations are required, among other things, to ensure that ClaimSearch is used exclusively for the purpose of insurance claims processing, investigation and fraud detection and prevention, and that such information is not used for any other purpose. Participating Organizations and ISO also formally agree to keep ClaimSearch information secure from unauthorized disclosure and to not share the information with anyone other than other Authorized Users of ClaimSearch. Finally, Participating Organizations agree to comply with credentialing procedures and to institute their own training and procedures to ensure compliance with the ISO Privacy and Security Policies and applicable laws and regulations.

As an automatic part of its claims processing, and to reduce and detect fraud, limited information regarding AZRA's claims are provided to ISO through ISO's ClaimSearch program, including claimants' names, a categorical description of their alleged injury; a general loss cause description; and the insured on the policy at issue.[1] As AZRA was processing the claims for this matter, and because of how the claims were provided to AZRA for this matter specifically, the information listed above was automatically sent to ISO for no more than 178 claimants. At the time it was sent, ISO had not been made aware of the Order, and therefore had not signed the Authorized Party Agreement in this case. For 176 of those claimants, an ISO record was created but there was no match in the ClaimSearch database, meaning the information was not provided to any other Participating Organization, or match reports were created but provided only to AZRA, and not to any other Participating Organization. Only for 2 of the claimants was a record created that was later provided to another Participating Organization (i.e., another insurance provider). AZRA is not aware of any further disclosure of this information and AZRA has contacted ISO and worked with ISO to void the confidential claimant information it received. This means that the information is only visible to AZRA and ISO and is not available to any other party. The data was reviewed by ISO only to the extent necessary to void it. Records have been maintained for purposes of this disclosure.

---

[1] A mock address is also provided to ISO with the claimant information that does not correspond with the claimant's real address.

Case 23-12825-MBK   Doc 809-1   Filed 09/29/23   Entered 09/29/23 10:08:24   Desc
Certification of Michael Kaplan in Support   Page 13 of 42

The Honorable Michael B. Kaplan
September 29, 2023
Page 3

As noted above, as an administrator of AZRA, ISO is permitted to receive claimant information under ¶ 15(c)(iv) of the Order.[2] Further, the disclosure was for a Permitted Use under the Authorized Party Agreement, i.e., "the evaluation, prosecution, or defense of the claims asserted in such Sexual Abuse Proofs of claim in the Debtor's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing . . . ." Authorized Party Agreement ¶ 4. AZRA acknowledges that the disclosure to ISO should not have occurred until ISO was made aware of the Order and signed the Authorized Party Agreement. Although ISO was not aware of the Authorized Party Agreement when it received the confidential claimant information, ISO has now signed the Authorized Party Agreement for this matter (attached hereto) and voided the confidential information from the ClaimSearch database. Accordingly, AZRA has attempted to comply with its obligations under the Order and Agreement and AZRA is not aware of any harm caused by this limited disclosure.

AZRA has specially retained outside counsel to advise on this matter, Steven D. Allison and Samrah R. Mahmoud (applications for admission *pro hac vice* will be forthcoming shortly) of Troutman Pepper Hamilton Sanders LLP. They are happy to answer any additional questions, whether at a hearing or by written submission, that the Court may have.

Respectfully submitted,

*/s/ Todd C. Jacobs*

Todd C. Jacobs
Harris Winsberg
PARKER, HUDSON, RAINER & DOBBS LLP

cc:   Steven D. Allison (steven.allison@troutman.com)
      Samrah R. Mahmoud (samrah.mahmoud@troutman.com)
      All Parties Receiving Notice via ECF

---

[2] Although ISO did not sign the Authorized Party Agreement prior to the disclosures to ISO referenced above, ISO's agreement with AZRA contains confidentiality provisions that note that most of the information provided by AZRA consists of confidential information, and the agreement restricts ISO from using such confidential information other than for the performance of its obligations under the agreement. Likewise, ISO's Privacy and Security Policies bind AZRA and ISO, and apply here.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (SCC) |
| ROCKVILLE CENTRE, NEW YORK, | : |  |
|  | : |  |
| Debtor. | : |  |

## AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "Agreement") is entered into as of [●], 2021.

By [●] (the "Recipient"), an Authorized Party pursuant to paragraph 15(c) of the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ● ] entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [●], 2021.

WHEREAS, the Recipient will be granted access to Proof of Claim Forms filed by Sexual Abuse Claimants in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order;

WHEREAS, Recipient acknowledges that the Proof of Claim Forms filed by Sexual Abuse Claimants contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of the parties identified in paragraph 15(d) of the Bar Date Order, access to the Proof of Claim Forms extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Sexual Abuse Proofs of Claim on behalf of an Authorized or Permitted Party.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1.  Recipient agrees that the Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2.  For purposes of this Agreement, the term "Confidential Information" means each Proof of Claim itself, and any information contained in a Proof of Claim, except to the extent

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

such information (i) was known to the Recipient prior to being disclosed in a Proof of Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality; or (iv) is developed by the Recipient independently without reference to any Proof of Claim;

3.  Recipient agrees to not to use or distribute any Proof of Claim Forms or Confidential Information in violation of this Agreement;

4.  Recipient may use Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Proofs of Claim in the Debtor's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use");

5.  Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court following notice and a hearing;

6.  Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order;

7.  Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Creditors' Committee and the Sexual Abuse Claimant and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure;

8.  Nothing in this Agreement precludes Recipient from petitioning the Bankruptcy Court in the Chapter 11 Case seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Sexual Abuse Proof of Claim Forms; provided, however, that Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court and any other necessary parties and made under seal; and

-2-

9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: ___9/19___, 2023

By: _____
Signature

_____
Print Name

Eamon Allbee

-3-

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:                                         :        Chapter 11

:

THE ROMAN CATHOLIC DIOCESE OF          :        Case No. 20-12345 (SCC)
ROCKVILLE CENTRE, NEW YORK,            :

:

Debtor.                    :

---

### AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "Agreement") is entered into as of [●], 2021.

ISO

By [●] (the "Recipient"), an Authorized Party pursuant to paragraph 15(c) of the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ● ] entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [●], 2021.

WHEREAS, the Recipient will be granted access to Proof of Claim Forms filed by Sexual Abuse Claimants in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order;

WHEREAS, Recipient acknowledges that the Proof of Claim Forms filed by Sexual Abuse Claimants contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of the parties identified in paragraph 15(d) of the Bar Date Order, access to the Proof of Claim Forms extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Sexual Abuse Proofs of Claim on behalf of an Authorized or Permitted Party.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that the Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2. For purposes of this Agreement, the term "Confidential Information" means each Proof of Claim itself, and any information contained in a Proof of Claim, except to the extent

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

such information (i) was known to the Recipient prior to being disclosed in a Proof of Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality; or (iv) is developed by the Recipient independently without reference to any Proof of Claim;

3.  Recipient agrees to not to use or distribute any Proof of Claim Forms or Confidential Information in violation of this Agreement;

4.  Recipient may use Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Proofs of Claim in the Debtor's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use");

5.  Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court following notice and a hearing;

6.  Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order;

7.  Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Creditors' Committee and the Sexual Abuse Claimant and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure;

8.  Nothing in this Agreement precludes Recipient from petitioning the Bankruptcy Court in the Chapter 11 Case seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Sexual Abuse Proof of Claim Forms; provided, however, that Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court and any other necessary parties and made under seal; and

9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: 9/19/2023, 2021

By: _____
Signature

Nancy E. Chayka
Print Name

-3-

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (SCC) |
| ROCKVILLE CENTRE, NEW YORK, | : |  |
|  | : |  |
| Debtor. | : |  |

---

## AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "Agreement") is entered into as of [●], 2021.

ISO

By [●] (the "Recipient"), an Authorized Party pursuant to paragraph 15(c) of the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ● ] entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [●], 2021.

WHEREAS, the Recipient will be granted access to Proof of Claim Forms filed by Sexual Abuse Claimants in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order;

WHEREAS, Recipient acknowledges that the Proof of Claim Forms filed by Sexual Abuse Claimants contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of the parties identified in paragraph 15(d) of the Bar Date Order, access to the Proof of Claim Forms extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Sexual Abuse Proofs of Claim on behalf of an Authorized or Permitted Party.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that the Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2. For purposes of this Agreement, the term "Confidential Information" means each Proof of Claim itself, and any information contained in a Proof of Claim, except to the extent

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

such information (i) was known to the Recipient prior to being disclosed in a Proof of Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality; or (iv) is developed by the Recipient independently without reference to any Proof of Claim;

3. Recipient agrees to not to use or distribute any Proof of Claim Forms or Confidential Information in violation of this Agreement;

4. Recipient may use Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Proofs of Claim in the Debtor's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use");

5. Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court following notice and a hearing;

6. Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order;

7. Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Creditors' Committee and the Sexual Abuse Claimant and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure;

8. Nothing in this Agreement precludes Recipient from petitioning the Bankruptcy Court in the Chapter 11 Case seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Sexual Abuse Proof of Claim Forms; provided, however, that Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court and any other necessary parties and made under seal; and

9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: Sept. 15, 2023

By: _Lynn Roberts_
Signature

_Lynn Roberts_
Print Name

# EXHIBIT C

**: parker**
**hudson**

**Todd C. Jacobs**
d: (312) 477-3306
tjacobs@phrd.com

September 28, 2023

**VIA ELECTRONIC FILING**

Hon. Wendy Kinsella
United States Bankruptcy Court
Northern District of New York
James M. Hanley U.S. Courthouse
100 South Clinton Street
Syracuse, New York 13202

**RE:**   **In Re: The Roman Catholic Diocese of Syracuse, New York, Case No. 20-30663-WAK (Bankr. N.D.N.Y.) Notification of Disclosure Under Confidentiality Agreement (ECF No. 214)**

Dear Chief Judge Kinsella:

  This firm represents Interstate Fire & Casualty Company, National Surety Corporation, and Fireman's Fund Insurance Company (collectively, the "Interstate Insurers") in the above-referenced bankruptcy case.  We write on behalf of the Interstate Insurers and their affiliate and claims handler, Allianz Reinsurance America, Inc., dba, Allianz Resolution Management ("AZRA"), to notify the Court of the limited disclosure of certain information that may be considered confidential under the Order Establishing Deadline For Filing Proof of Claim and Approving the Claim Form and Manner of Notice Thereof ("Order") (ECF 214) and the corresponding Authorized Party Confidentiality Agreement Regarding Confidential Proofs of Claim ("Authorized Party Agreement").  AZRA provides this notice under ¶ 7 of the Authorized Party Agreement.  As discussed more fully below, AZRA believes that the disclosure was for a Permitted Use under the Authorized Party Agreement.

AZRA contracts with Insurance Services Office ("ISO") for access to ISO's "ClaimSearch" product to assist AZRA in processing claims and detecting claims fraud.  ISO is a long-standing and well-regulated manager and provider of insurance claims information.  ClaimSearch is a comprehensive system for improving claims processing and preventing fraud in the property and casualty insurance industry.  It does so by allowing Participating Organizations with a password and login—generally limited to entities in the business of providing insurance, claims administrators, and select law enforcement—to access

Case 20-30663-5-NPak Doc 838-1 Filed 09/28/23 Entered 09/28/23 18:24:35 Desc
Certification of Michael Kaplan In Support Page 2 of 12

Hon. Wendy Kinsella
September 28, 2023
Page 2

essential data for researching prior-loss histories, identifying claims patterns, and detecting suspect claims. When a Participating Organization uses ClaimSearch as it processes a claim a record may be created for that claimant containing certain limited information such as the claimant's name, the insured on the policy at issue, and general and categorical descriptions of the claimant's alleged injury and claimed loss. If a second Participating Organization submits or has submitted a claim or inquiry for that claimant, they may receive a match report containing the record created from the prior Participating Organization's claim submission.

ISO has strict confidentiality agreements with each Participating Organization as well as robust Privacy and Security Policies. It is also regulated and operates consistent with applicable privacy obligations, including those under the Health Insurance Portability and Accountability Act of 1996 (HIPPA); the Gramm-Leach-Bliley Act and similar state or local statute, rule and regulation; and the Federal Drivers Privacy Protection Act. ISO Participating Organizations are required, among other things, to ensure that ClaimSearch is used exclusively for the purpose of insurance claims processing, investigation and fraud detection and prevention, and that such information is not used for any other purpose. Participating Organizations and ISO also formally agree to keep ClaimSearch information secure from unauthorized disclosure and to not share the information with anyone other than other Authorized Users of ClaimSearch. Finally, Participating Organizations agree to comply with credentialing procedures and to institute their own training and procedures to ensure compliance with the ISO Privacy and Security Policies and applicable laws and regulations.

As an automatic part of its claims processing, and to reduce and detect fraud, limited information regarding AZRA's claims are provided to ISO through ISO's ClaimSearch program, including claimants' names, a categorical description of their alleged injury; a general loss cause description; and the insured on the policy at issue.[1] As AZRA was processing the claims for this matter, and because of how the claims were provided to AZRA for this matter specifically, the information listed above was automatically sent to ISO for no more than 101 claimants. At the time it was sent, ISO had not been made aware of this Order, and therefore had not signed the Authorized Party Agreement in this case. AZRA has confirmed there has been no further disclosure (i.e. no "matching reports" were sent to other participating organizations) of this information and AZRA has contacted ISO and worked with ISO to void the confidential claimant information it received. This means that the information is only visible to AZRA and ISO and is not available to any other party. The data was reviewed by ISO only to the extent necessary to void it. Records have been maintained for purposes of this disclosure.

As noted above, the disclosure to ISO was for a Permitted Use under the Authorized Party Agreement, i.e., "the evaluation, prosecution, or defense of the claims asserted in such Sexual Abuse Proofs of Claim in the Roman Catholic Diocese of Syracuse, New York's (the "Debtor's") Chapter 11 Case, any related adversary proceedings or contested

---

[1] A mock address is also provided to ISO with the claimant information that does not correspond with the claimant's real address.

matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing . . . ." Authorized Party Agreement ¶ 4.[2]  AZRA acknowledges that the disclosure to ISO should not have occurred until ISO was given permission by the relevant parties and signed the Authorized Party Agreement. Although ISO was not aware of the Authorized Party Agreement when it received the confidential claimant information, ISO has now signed the Authorized Party Agreement for this matter (attached hereto) and voided the confidential information from the ClaimSearch database.[3]  Accordingly, AZRA

has attempted to comply with its obligations under the Order and Agreement and AZRA is not aware of any harm caused by this limited disclosure.

AZRA has specially retained outside counsel to advise on this matter, Steven D. Allison and Samrah R. Mahmoud (applications for admission *pro hac vice* will be forthcoming shortly) of Troutman Pepper Hamilton Sanders LLP.  They are happy to answer any additional questions, whether at a hearing or by written submission, that the Court may have.

Respectfully submitted,

/s/ *Todd C. Jacobs*

Todd C. Jacobs
Harris Winsberg
PARKER, HUDSON, RAINER & DOBBS LLP

cc:     Steven D. Allison (steven.allison@troutman.com)
        Samrah R. Mahmoud (samrah.mahmoud@troutman.com)
        All Parties Receiving Notice via ECF

---

[2] Although ISO did not sign the Authorized Party Agreement prior to the disclosures to ISO referenced above, ISO's agreement with AZRA contains confidentiality provisions that note that most of the information provided by AZRA consists of confidential information, and the agreement restricts ISO from using such confidential information other than for the performance of its obligations under the agreement. Likewise, ISO's Privacy and Security Policies bind AZRA and ISO, and apply here.

[3] Further, the disclosure to ISO, a consultant of AZRA, is contemplated under ¶ 4(a) of a Confidentiality Agreement between the Debtor and various insurance carriers.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, | ) | |
| New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT
### REGARDING SEXUAL ABUSE PROOFS OF CLAIM

This Authorized Party Confidentiality Agreement Regarding Sexual Abuse Proofs of Claim ("Agreement") is entered into as of [_____], 20[___].

By [ ISO _____] (the "Recipient"), an Authorized Party pursuant to paragraph 11(c) of the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ___] entered by the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [_____] [___], 2020.

WHEREAS, the Recipient will be granted access to Sexual Abuse Proofs of Claim filed in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the Sexual Abuse Proofs of Claim contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of counsel of record to Authorized Parties, access to the Victim Claim Forms extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Abuse Proofs of Claim on behalf of an Authorized or Permitted Party. Counsel of Record to Authorized Parties may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and employee of the Recipient firm, and all such individuals shall be subject to the terms of this Agreement and the Bar Date Order as though they had signed it on their own behalf.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

- 1 -

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1.  Recipient agrees that the Sexual Abuse Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2.  For purposes of this Agreement, the term "Confidential Information" means each Sexual Abuse Proof of Claim itself, and any information contained in a Sexual Abuse Proof of Claim, except to the extent (a) that the Sexual Abuse Claimant elects to permit disclosure of the information contained in the Sexual Abuse Proof of Claim by authorizing such disclosure pursuant to the terms of the Confidential Sexual Abuse Claim Supplement or (b) such information (i) was known to the Recipient prior to being disclosed in a Sexual Abuse Proof of Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality; or (iv) is developed by the Recipient independently without reference to any Sexual Abuse Proof of Claim.

3.  Recipient agrees to not to use or distribute any Sexual Abuse Proof of Claim or Confidential Information in violation of this Agreement.

4.  Recipient may use Sexual Abuse Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Sexual Abuse Proofs of Claim in the Roman Catholic Diocese of Syracuse, New York's (the "Debtor's") Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use").

5.  Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court after a hearing and upon notice to the affected claimant(s), the Committee and the Debtor.

6.  Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order.

7.  Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Committee and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure.

8.  Nothing in this Agreement precludes Recipient from seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of

- 2 -

Case 20-30663-5-NPak D oc 830831 Filed 09/08/23 Entered 09/08/23 18:24:38 Desc
Case 20-30663-5-wak Doc 23 belikladi11/06/20 prEntered 11/06/20 14235:30 Desc
Certification on Main Document Supplement Page 29 of 42
Main Document Page 26 of 35

Confidential Information contained in the Confidential Sexual Abuse Claim Supplement, *provided*, *however*, that (a) any motion for such modification shall be on notice to all Sexual Abuse Claimants, the Committee and the Debtor and (b) Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court, the Debtor, the Committee, the affected claimant(s) and made under seal.

9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: ___9/19___, 20 23

By: _____

Signature

_____

Print Name

- 3 -

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, | ) | |
| New York, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT
## REGARDING SEXUAL ABUSE PROOFS OF CLAIM

This Authorized Party Confidentiality Agreement Regarding Sexual Abuse Proofs of Claim
("Agreement") is entered into as of [_____], 20[___].

By [___ ISO _____] (the "Recipient"), an
Authorized Party pursuant to paragraph 11(c) of the *Order Establishing a Deadline for Filing
Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1]
[Docket No. ___] entered by the United States Bankruptcy Court for the Northern District of New
York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter
11 Case") on [_____] [___], 2020.

WHEREAS, the Recipient will be granted access to Sexual Abuse Proofs of Claim filed in the
Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms
of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the Sexual Abuse Proofs of Claim contain sensitive,
non-public information, which is to remain confidential pursuant to the Bar Date Order and the
terms of this Agreement; and

WHEREAS, with the exception of counsel of record to Authorized Parties, access to the Victim
Claim Forms extends only to the natural person who executes this Agreement and a separate copy
of this Agreement must be signed by each natural person who seeks access to the Abuse Proofs of
Claim on behalf of an Authorized or Permitted Party. Counsel of Record to Authorized Parties
may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order
shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and
employee of the Recipient firm, and all such individuals shall be subject to the terms of this
Agreement and the Bar Date Order as though they had signed it on their own behalf.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date
Order.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that the Sexual Abuse Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2. For purposes of this Agreement, the term "Confidential Information" means each Sexual Abuse Proof of Claim itself, and any information contained in a Sexual Abuse Proof of Claim, except to the extent (a) that the Sexual Abuse Claimant elects to permit disclosure of the information contained in the Sexual Abuse Proof of Claim by authorizing such disclosure pursuant to the terms of the Confidential Sexual Abuse Claim Supplement or (b) such information (i) was known to the Recipient prior to being disclosed in a Sexual Abuse Proof of Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality; or (iv) is developed by the Recipient independently without reference to any Sexual Abuse Proof of Claim.

3. Recipient agrees to not to use or distribute any Sexual Abuse Proof of Claim or Confidential Information in violation of this Agreement.

4. Recipient may use Sexual Abuse Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Sexual Abuse Proofs of Claim in the Roman Catholic Diocese of Syracuse, New York's (the "Debtor's") Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use").

5. Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court after a hearing and upon notice to the affected claimant(s), the Committee and the Debtor.

6. Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order.

7. Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Committee and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure.

8. Nothing in this Agreement precludes Recipient from seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of

Confidential Information contained in the Confidential Sexual Abuse Claim Supplement, *provided*, *however*, that (a) any motion for such modification shall be on notice to all Sexual Abuse Claimants, the Committee and the Debtor and (b) Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court, the Debtor, the Committee, the affected claimant(s) and made under seal.

9.   This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: Sept 19 ___, 2023

By: _____
Signature

_____
Print Name

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, | ) |
| New York, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

### AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT
### REGARDING SEXUAL ABUSE PROOFS OF CLAIM

This Authorized Party Confidentiality Agreement Regarding Sexual Abuse Proofs of Claim ("Agreement") is entered into as of [_____], 20[___].

By [    ISO                                                              ] (the "Recipient"), an Authorized Party pursuant to paragraph 11(c) of the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ___] entered by the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [_____] [___], 2020.

WHEREAS, the Recipient will be granted access to Sexual Abuse Proofs of Claim filed in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the Sexual Abuse Proofs of Claim contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of counsel of record to Authorized Parties, access to the Victim Claim Forms extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Abuse Proofs of Claim on behalf of an Authorized or Permitted Party. Counsel of Record to Authorized Parties may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and employee of the Recipient firm, and all such individuals shall be subject to the terms of this Agreement and the Bar Date Order as though they had signed it on their own behalf.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

- 1 -

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that the Sexual Abuse Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2. For purposes of this Agreement, the term "Confidential Information" means each Sexual Abuse Proof of Claim itself, and any information contained in a Sexual Abuse Proof of Claim, except to the extent (a) that the Sexual Abuse Claimant elects to permit disclosure of the information contained in the Sexual Abuse Proof of Claim by authorizing such disclosure pursuant to the terms of the Confidential Sexual Abuse Claim Supplement or (b) such information (i) was known to the Recipient prior to being disclosed in a Sexual Abuse Proof of Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality; or (iv) is developed by the Recipient independently without reference to any Sexual Abuse Proof of Claim.

3. Recipient agrees to not to use or distribute any Sexual Abuse Proof of Claim or Confidential Information in violation of this Agreement.

4. Recipient may use Sexual Abuse Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Sexual Abuse Proofs of Claim in the Roman Catholic Diocese of Syracuse, New York's (the "Debtor's") Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use").

5. Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court after a hearing and upon notice to the affected claimant(s), the Committee and the Debtor.

6. Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order.

7. Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Committee and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure.

8. Nothing in this Agreement precludes Recipient from seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of

Confidential Information contained in the Confidential Sexual Abuse Claim Supplement, *provided*, *however*, that (a) any motion for such modification shall be on notice to all Sexual Abuse Claimants, the Committee and the Debtor and (b) Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court, the Debtor, the Committee, the affected claimant(s) and made under seal.

9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: Sept. 15, 20 23

By: Lynn Roberts

Signature

Lynn Roberts

Print Name

- 3 -

# EXHIBIT D

# U.S. Bankruptcy Court
## District of Connecticut (Hartford)
## Bankruptcy Petition #: 21-20687

*Date filed:* 07/15/2021
*341 meeting:* 09/29/2021

*Assigned to:* James J. Tancredi
Chapter 11
Voluntary
Asset

**Debtor**
**The Norwich Roman Catholic Diocesan**
**Corporation**
201 Broadway
Norwich, CT 06360
NEW LONDON-CT
Tax ID / EIN: 06-6687373
*aka* **The Roman Catholic Diocese of Norwich**

represented by **Patrick M. Birney**
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8200
Fax : (860) 275-8299
Email: pbirney@rc.com

**John C. Cannizzaro**
Ice Miller, LLP
250 West Street, Suite 700
Columbus, OH 43215
614-462-1070
Fax : 614-232-6923
Email: john.cannizzaro@icemiller.com

**Louis T. DeLucia**
Ice Miller, LLP
1500 Broadway, 29th Floor
New York, NY 10036
212-835-6312
Fax : 212-835-6322
Email: louis.delucia@icemiller.com

**Andrew A. DePeau**
Robinson & Cole, LLP
280 Trumbull St.
Hartford, CT 06103
860-275-8200
Fax : 860-275-8299
Email: ADEPEAU@RC.COM

**Alyson M. Fiedler**
Ice Miller, LLP
1500 Broadway, 29th Floor
New York, NY 10036
212-835-6315
Fax : 212-835-6316
Email: alyson.fiedler@icemiller.com

**Annecca H. Smith**
Robinson & Cole, LLP

280 Trumbull Street
Hartford, CT 06103
860-275-8325
Fax : 860-275-8299
Email: asmith@rc.com

**Daniel R. Swetnam**
Ice Miller, LLP
250 West Street, Suite 700
Columbus, OH 43215
614-462-2225
Fax : 614-224-3568
Email: daniel.swetnam@icemiller.com
*TERMINATED: 04/14/2023*

**Jason M. Torf**
Ice Miller, LLP
200 W. Madison Street, Suite 3500
Chicago, IL 60606
312-726-6244
Fax : 312-726-6214
Email: jason.torf@icemiller.com
*TERMINATED: 05/03/2022*

*Plaintiff*
**John Doe #2**

represented by **Kelly E. Reardon**
The Reardon Law Firm, P.C.
160 Hempstead Street
New London, CT 06320
860-442-0444
Fax : 860-444-6445
Email: kreardon@reardonlaw.com

*Plaintiff*
**John Doe #1**

represented by **Kelly E. Reardon**
(See above for address)

*U.S. Trustee*
**U. S. Trustee**
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
(203)773-2210

represented by **Holley L. Claiborn**
Office of The United States Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
(203) 773-2210
Fax : (203) 773-2217
Email: holley.l.claiborn@usdoj.gov

**Steven E. Mackey**
Office of the U.S. Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
(203) 773-2210

*Creditor Committee*
**Official Committee of Unsecured Creditors**

represented by **Christopher H. Blau**
290 Airpark Blvd

c/o Patrick Tomasiewicz
Fazzano & Tomasiewicz, LLC
96 Oak Street
Hartford, CT 06106

Suite 4
Chico, CA 95973
530-562-4589
Email: cblau@zeislaw.com
*TERMINATED: 05/19/2023*

**Daniel Allen Byrd**
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
203-368-5478
Fax : 203-368-5478
Email: dbyrd@zeislaw.com

**Eric A. Henzy**
Zeisler & Zeisler, P.C.
10 Middle Street
15th Floor
Bridgeport, CT 06604
203-368-5495
Fax : 203-549-0861
Email: ehenzy@zeislaw.com

**Stephen M. Kindseth**
Zeisler & Zeisler
10 Middle Street
15th Floor
Bridgeport, CT 06604
(203) 368-4234
Fax : 203-367-9678
Email: skindseth@zeislaw.com

**Michael T. McCormack**
O'Sullivan McCormack Jensen &
Bliss PC
180 Glastonbury Boulevard, Suite 210
Glastonbury, CT 06033
860-258-1993

| Filing Date | # | Docket Text |
|---|---|---|
| 07/15/2021 | [1](#)<br>(9 pgs) | Chapter 11 Voluntary Petition Filed by The Norwich Roman Catholic Diocesan Corporation Filing Fee $1738. All Schedules and Statements filed except for the following documents that remain due: List of Creditors, Summary of Assets and Liabilities, Schedules A/B, D-H, Declaration of Debtor's Schedules, Statement of Financial Affairs, Attorney Disclosure Statement, List of Equity Security Holders and 20 Largest Unsecured Creditors.(Birney, Patrick) Modified on 7/16/2021 (Adam-Zeini, Zahra). (Entered: 07/15/2021) |
| 07/15/2021 | | Receipt of Voluntary Petition (Chapter 11)(21-20687) [misc,volp11] (1738.00) filing fee - $1738.00. Receipt number |

| | | |
|---|---|---|
| | | Settle Certain Insurance Coverage Claims Against the Catholic Mutual Relief Society of America filed by Creditor Committee Official Committee of Unsecured Creditors, 1076 Motion to Terminate Debtor's Exclusive Period to Solicit Acceptances of Chapter 11 Plan filed by Creditor Committee Official Committee of Unsecured Creditors). Continued Hearing to be held on 2/15/2023 at 10:00 AM at United States Bankruptcy Court, 450 Main Street, 7th Floor Courtroom, Room 715B, Hartford, CT. (lbw) (Entered: 02/10/2023) |
| 02/10/2023 | 1116 (1 pg) | PDF with attached Audio File. Court Date & Time [ 2/10/2023 2:09:14 PM ]. File Size [ 33547 KB ]. Run Time [ 01:33:11 ]. (courtspeak). (Entered: 02/10/2023) |
| 02/10/2023 | 1117 (2 pgs) | Order Granting Ex Parte Motion of the Debtor for Entry of an Order to Expedite The Hearing and Limit Notice (ECF No. 1101), for the Debtors Motion for Entry of an Order (I) Discharging Epiq Corporate Restructuring, LLC and (II) Retaining Omni Agent Solutions as the Replacement Claims and Noticing Agent (ECF No. 1100). Hearing to be held on 2/15/2023 at 10:00 AM at United States Bankruptcy Court, 450 Main Street, 7th Floor Courtroom, Room 715B, Hartford, CT. (lbw) (Entered: 02/10/2023) |
| 02/10/2023 | 1118 (4 pgs) | BNC Certificate of Mailing (RE: 1091 Order Setting Status Conference). Notice Date 02/10/2023. (Admin.) (Entered: 02/11/2023) |
| 02/10/2023 | 1119 (4 pgs) | BNC Certificate of Mailing (RE: 1102 Order Setting Status Conference). Notice Date 02/10/2023. (Admin.) (Entered: 02/11/2023) |
| 02/13/2023 | 1120 (11 pgs) | Request for Transcript Sent (RE: 1110 Request for Transcript filed by Debtor The Norwich Roman Catholic Diocesan Corporation). Hearing held on February 10, 2023 (nsm) (Entered: 02/13/2023) |
| 02/13/2023 | 1121 | **ORDER TO SHOW CAUSE:** In furtherance of the Debtor's Motion for Entry of an Order (I) Discharging Epiq Corporate Restructuring, LLC ("Epiq") and (II) Retaining Omni Agent Solutions as the Replacement Claims and Noticing Agent ("Omni") (ECF No. 1100, the "Motion"), and pursuant to a hearing held on February 10th, 2023 on the Motion, the Court hereby **ORDERS** the following:<br><br>A member of Epiq's executive leadership team (e.g., its Chief Executive Officer or Chief Information Officer) or a representative with appropriate knowledge and similar authority (a "Representative"), accompanied by legal counsel, is to appear before the Court in person on |

February 15, 2023 at 10:00AM for a hearing on the Motion ("the Show Cause Hearing").

At the Show Cause Hearing, the Court requests and orders the following of the Representative:

1.   The Representative is to address the sources and errors that led to the disclosure of the names of the claimant survivors.
2.   The Representative is to detail what remedial measures Epiq has taken to address the disclosure.
3.   The Representative is to detail the controls that were in place at the time of the disclosure; and to detail what controls have subsequently been deployed or what controls Epiq will deploy to prevent similar disclosures from occurring.
4.   The Representative is to produce a summary of all bankruptcy cases for which (a) it is serving as claims and noticing agent; (b) the claimants are sensitive populations similar to the survivors in this case, including but not limited to victims of sex abuse, opioid victims, medical device malfunction victims, and cancer agents; and (c) where Epiq has similarly been requested to maintain the confidentiality of such claimants.
5.   The Representative is to address the logistics of transferring all matrix and claimant information to Omni, including but not limited to (a) the creditor matrix; (b) the claims register; (c) the Debtor's schedules and statement of financial affairs; (d) all physical proofs of claim filed in this case and PDF copies of the same; and (e) any unprocessed claims, address updates, claim withdrawals or transfers. The Representative is to detail the measures it will take to protect the confidentiality of such information during the transfer to Omni. Signed by Judge James J. Tancredi on February 13, 2023. (lbw) (Entered: 02/13/2023)

| 02/13/2023 | 1122 (5 pgs) | *List of Exhibits in Support of Motion by the Official Committee of Unsecured Creditors for Order Granting it Standing and Authorizing it to Prosecute and Settle Certain Insurance Coverage Claims Against the Catholic Mutual Relief Society of America on Behalf of the Debtor's Estate* Filed by Stephen M. Kindseth on behalf of Official Committee of Unsecured Creditors Creditor Committee, (RE: 854 Motion for Order filed by Creditor Committee Official Committee of Unsecured Creditors). (Kindseth, Stephen) (Entered: 02/13/2023) |
| 02/13/2023 | 1123 (3 pgs) | *List of Exhibits in Support of: The Official Committee of Unsecured Creditors' Motion to Terminate Debtor's Exclusive Period to Solicit Acceptances of Chapter 11 Plan* Filed by Eric A. Henzy on behalf of Official Committee of Unsecured Creditors Creditor Committee, (RE: 1077 Motion to Expedite Hearing filed by Creditor Committee |

| | | |
|---|---|---|
| 03/06/2023 | 1177 | **ORDER REGARDING CLAIMS AND NOTICING AGENT:** Pursuant to statements made on the record during hearings held on February 10th, 2023 and February 15th, 2023 the Debtor's Motion for an Order (I) Discharging Epiq Corporate Restructuring, LLC ("Epiq") and (II) Retaining Omni Agent Solutions ("Omni") as the Replacement Claims and Noticing Agent (ECF No. 1100, the "Motion"), and to better ensure the integrity of confidential filings both in this Court and other bankruptcy courts across the judiciary, the Court ORDERS the following of Epiq: 1. Epiq is to file by Wednesday, March 8th at 2:00 PM a full and complete list of current and pending bankruptcy cases where Epiq was asked to seal or maintain the confidentiality of claimants; and 2. Epiq is to prepare and submit a proposed disclosure statement, to be submitted both in this Court and courts presiding over cases described above, regarding the breach of confidentiality in this case. The disclosure statement shall also detail the cause of the breach and the remedial measures Epiq has taken and will take to manage such information in pending and prospective cases. Signed by Judge James J. Tancredi on March 6, 2023. (lbw) (Entered: 03/06/2023) |
| 03/07/2023 | 1178 (4 pgs) | Declaration of Christopher F. Droney Concerning Performance Services as a Mediator. . (lbw) (Entered: 03/07/2023) |
| 03/07/2023 | 1179 (2 pgs) | Motion for Order Clarification re #1177 Filed by John F. Carberry on behalf of Epiq Corporate Restructuring, LLC, Claims/Noticing Agent. (Carberry, John) (Entered: 03/07/2023) |
| 03/07/2023 | 1180 | **ORDER ON MOTION FOR CLARIFICATION:** Pursuant to a Motion for Order Clarification (ECF No. 1179) filed by Epiq Corporate Restructuring, LLC (Epiq), and in furtherance of the Courts previous Order dated March 6, 2023 (ECF No. 1177, the Order), Epiq is further ORDERED to file the disclosure statement detailed in Item 2 of that Order upon the docket of this proceeding. This order shall be read in conjunction with the Court's previous Order. Signed by Judge James J. Tancredi on March 7, 2023. (lbw) (Entered: 03/07/2023) |
| 03/08/2023 | 1181 | Order (I) Sealing Affidavit of Service Filed by Epiq Corporate Restructuring and (II) Granting Related Relief (RE: 1072 Motion to Seal Filed by Patrick M. Birney on behalf of The Norwich Roman Catholic Diocesan Corporation, Debtor) (lbw) (Entered: 03/08/2023) |