| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(d)**<br><br>**TRENK ISABEL SIDDIQI**<br>  **& SHAHDANIAN P.C.**<br>Richard D. Trenk, Esq.<br>Robert S. Roglieri, Esq.<br>290 W. Mt. Pleasant Ave., Suite 2350<br>Livingston, New Jersey 07039<br>Telephone: (973) 533-1000<br>Email:  rtrenk@trenkisabel.law<br>Email:  rroglieri@trenkisabel.law<br><br>*Counsel to The Diocese of Camden, New Jersey, Chapter 11 Debtor and Debtor-in-Possession* | Order Filed on December 3, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>THE DIOCESE OF CAMDEN, NEW JERSEY,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 20-21257 (JNP) |

**ORDER (I) AUTHORIZING THE DIOCESE TO ENTER INTO POSTPETITION PREMIUM FINANCING AGREEMENT AND (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO AFS/IBEX**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED**.

**DATED: December 3, 2024**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

(Page 2)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Order (I) Authorizing the Diocese to Enter into Postpetition Premium Financing Agreement, and (II) Granting Liens and Superpriority Claims to AFS/IBEX |

---

**THIS MATTER**, having been presented to the Court by The Diocese of Camden, New Jersey, chapter 11 debtor and debtor-in-possession ("**Diocese**"), upon a motion for entry of an order (i) authorizing the Diocese to obtain secured postpetition premium financing from Honor Capital Corporation d/b/a AFS/IBEX Financial Services LLC ("**AFS/IBEX**"); (ii) authorizing and approving the Diocese's entry into a premium financing agreement and any other documents, certificates or instruments ancillary thereto, and performance of such other acts as may be necessary or appropriate in connection therewith; (iii) granting to AFS/IBEX valid, fully perfected, and enforceable security interests and liens pursuant to sections 364(c)(2) and 364(d)(1) of the Bankruptcy Code; (iv) granting an allowed superpriority administrative expense claim to AFS/IBEX pursuant to section 364(c)(1) of the Bankruptcy Code; and (v) vacating and modifying the automatic stay to the extent necessary to effectuate the terms and provisions of the premium financing agreement and the Order (the "**Motion**")[1]; and the Court having reviewed the Motion; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and (c) notice of the Motion was good and sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Diocese and its estate; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND**

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to such terms in the Motion.

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Order (I) Authorizing the Diocese to Enter into Postpetition Premium Financing Agreement, and (II) Granting Liens and Superpriority Claims to AFS/IBEX |

_____

**CONCLUSIONS OF LAW**:[2]

    A.    <u>Petition Date</u>. On October 1, 2020 (the "**Petition Date**"), the Diocese commenced a case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code;[3]

    B.    <u>Debtor-in-Possession</u>. The Diocese continues to operate its business and manage its property as a debtor and debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108, and no trustee or examiner has been appointed;

    C.    <u>Notice</u>. In light of the circumstances, the Diocese gave due and sufficient notice of the Motion pursuant to the Bankruptcy Rules and Local Bankruptcy Rules;

    D.    <u>Jurisdiction and Venue</u>. This Court has core jurisdiction over the Diocese's bankruptcy case, the Motion, and the parties and property affected by this Order pursuant to 28 U.S.C. §§ 157(b) and 1334, and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

    E.    <u>Inability to Obtain Unsecured Credit</u>. The Diocese is unable to obtain sufficient levels of unsecured credit allowable under Bankruptcy Code section 503(b)(1) as an administrative expense necessary to maintain and conduct their businesses;

    F.    <u>Inability to Obtain Alternate Secured Credit</u>. The Diocese is unable to obtain secured credit on more favorable terms than under the terms and conditions provided in this Order and the premium financing agreement;

---

[2] To the extent, any findings of fact constitute conclusions of law, they are adopted as such, and vice versa, pursuant to Fed. R. Bankr. P. 7052.

[3] Unless otherwise noted, all statutory references are to the Bankruptcy Code.

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Order (I) Authorizing the Diocese to Enter into Postpetition Premium Financing Agreement, and (II) Granting Liens and Superpriority Claims to AFS/IBEX |

_____

G. **Best Interests of Estate**. It is in the best interest of the Diocese's estate that the Diocese be allowed to enter into the premium financing agreement to obtain postpetition secured financing from AFS/IBEX on a final basis under the terms and conditions set forth herein and in the premium financing agreement;

H. **Good Faith**. The extension of credit and financial accommodations under premium financing agreement is fair, reasonable, in good faith, negotiated at arm's length, reflect the Diocese's exercise of prudent business judgment, and is supported by reasonably equivalent value and fair consideration and AFS/IBEX is entitled to the protections of Bankruptcy Code section 364(e);

I. **Immediate Need for DIP Facility**. The Diocese requires access to the funding available under the premium financing agreement to continue insurance, and to avoid immediate and irreparable harm to the Diocese's estate;

J. **Necessity of DIP Facility Terms**. The terms of the Premium Financing Agreement and this Order assuring that the liens and the various claims, superpriority claims, and other protections granted in this Order will not be affected by any subsequent reversal or modification of this Order or any other order, as provided in Bankruptcy Code section 364(e), which is applicable to the contemplated postpetition financing arrangement, are necessary in order to induce AFS/IBEX to provide postpetition financing to the Diocese; and

Based upon the foregoing, and after due consideration and good cause appearing therefor;

**IT IS HEREBY ORDERED that:**

1. The Motion is **GRANTED** on a final basis in accordance with the terms of this

(Page 5)

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Order (I) Authorizing the Diocese to Enter into Postpetition Premium Financing Agreement, and (II) Granting Liens and Superpriority Claims to AFS/IBEX |

---

Order. Any objections to this Motion that have not been withdrawn, waived or settled, and all reservation of rights included therein, are hereby denied and overruled.

2. Subject to the terms and conditions contained in this Order, pursuant to section 364(c)(2) of the Bankruptcy Code, the Diocese is hereby authorized to enter into the Premium Finance Agreement providing for the financing of the insurance premiums to be paid for the Diocese's insurance policies, which is approved in all respects and a copy of which is annexed hereto and made a part hereof in accordance with Federal Rule of Bankruptcy Procedure 4001(c)(1). In the event of a conflict between this Order and the Premium Financing Agreement, the terms and conditions of this Order shall govern.

3. The Diocese is hereby authorized and directed to pay AFS/IBEX all sums due pursuant to the Premium Financing Agreement.

4. Pursuant to section 364(c)(2) of the Bankruptcy Code, the Diocese shall grant a security interest to AFS/IBEX in (a) any and all unearned premiums and dividends which may become payable under the Premium Financing Agreement for any reason; (b) loss payments which reduce the unearned premiums, subject to any mortgagee or loss payee interest; and (c) any interest which may arise under any state insurance guarantee fund relating to the Premium Financing Agreement (collectively, the "Collateral").

5. AFS/IBEX's claim for repayment of the loans will be (i) entitled to superpriority claim status, pursuant to Section 364(c)(1) of the Bankruptcy Code, over all administrative expense claims incurred under Bankruptcy Code Sections 503, 506(b) or 507(b), and (ii) secured by a first and only lien on the Diocese's Collateral that is not otherwise subject to a lien, which

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Order (I) Authorizing the Diocese to Enter into Postpetition Premium Financing Agreement, and (II) Granting Liens and Superpriority Claims to AFS/IBEX |

___

lien shall be deemed perfected without further action by AFS/IBEX or this Court, and (iii) secured by a junior lien on the Diocese's Collateral that is, prior to the entry of this Order, subject to a lien, which lien shall be deemed perfected without further action by AFS/IBEX or this Court.  Notwithstanding the foregoing, without limitation, the liens, security interests and rights in the unearned premium, returned premium, dividend payments, and loss payments granted under the Premium Finance Agreement are senior to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b), and any liens, security interests and rights in the unearned premium, returned premium, dividend payments, and loss payments granted under the Premium Finance Agreement do not prime any statutory fees.

6.      The terms and conditions of this Order are binding upon the Diocese's successors or its assigns, including any subsequently appointed trustee.

7.      If AFS/IBEX or its assigns fails to receive any payment due under the Agreement within fifteen (15) days of the due date, the automatic stay provided by Section 362 of the Bankruptcy Code shall thereupon be terminated without the necessity of a motion, further hearing, or order of this Court to permit AFS/IBEX or its successors or assigns to exercise its rights and remedies under the Agreement, including without limitation the rights to: (a) cancel the financed insurance policy(ies), and (b) collect and apply unearned premiums payable under the financed policy(ies) to the balance owed under the Premium Financing Agreement.

8.      Paragraph 5 of the Premium Finance Agreement shall be replaced with the following language: If the Diocese defaults upon any of the terms of the Agreement, AFS/IBEX may, in its sole discretion, exercise such rights as it may otherwise have under state law, but for

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Order (I) Authorizing the Diocese to Enter into Postpetition Premium Financing Agreement, and (II) Granting Liens and Superpriority Claims to AFS/IBEX |

___

the pendency of this proceeding and, without the necessity of further application of this Court, (i) cease financing immediately upon event of such default, (ii) cancel all insurance policies listed on the Premium Financing Agreement or any amendment thereto, and (iii) collect all unearned insurance premiums and related fees and apply such amounts to the outstanding indebtedness due and owing AFS/IBEX, including, but not limited to, principal, interest, late fees, attorneys' fees, and any other allowable costs; provided that if AFS/IBEX determines to exercise any rights provided hereunder to cancel any policy, AFS/IBEX shall provide notice of its intent to cancel such policies to the Diocese, counsel to the Diocese, the Office of the United States Trustee, counsel to the Tort Committee and Trade Committee, and any other parties in interest no less than ten (10) days prior to cancellation and the Diocese shall have a right to cure any default during such time.

9.  If the collection and application of unearned premiums is insufficient to pay the balance owed under the Agreement, AFS/IBEX or its successors or assigns may within 21 days after the collection and application of such unearned premiums file a proof of claim for the unsatisfied amount of any indebtedness under the Premium Financing Agreement notwithstanding the passage of any bar date for the filing of proofs of claim.

10.  Any appeal of this Order taken by any party in interest will constitute an event of default consistent with Section 364(e) of the Bankruptcy Code.

11.  The full rights of AFS/IBEX pursuant to the Premium Financing Agreement and controlling state law shall be and the same hereby are fully preserved and protected and are and shall remain unimpaired by the pendency of the bankruptcy case.

| | |
|---|---|
| Debtor: | The Diocese of Camden, New Jersey |
| Case No.: | 20-21257 (JNP) |
| Caption of Order: | Order (I) Authorizing the Diocese to Enter into Postpetition Premium Financing Agreement, and (II) Granting Liens and Superpriority Claims to AFS/IBEX |

_____

12. To enable the Diocese to have immediate insurance coverage, the fourteen-day stay of this Order pursuant to Federal Rule of Bankruptcy Procedure 6004(h) shall not apply, and the relief herein granted is effective immediately upon entry.

13. Neither the Diocese nor any other person shall assert a claim under section 506(c) of the Bankruptcy Code for any costs and expenses incurred in connection with the preservation, protection or enhancement of, or realization by AFS/IBEX upon the Collateral or for any expenses of the administration of the estate.

14. This Court shall retain jurisdiction to interpret and enforce the provisions of this Order and the Premium Financing Agreement in all respects.