**GIBBONS P.C.**
John S. Mairo, Esq.
Kyle P. McEvilly, Esq.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
E-Mail: jmairo@gibbonslaw.com
      kmcevilly@gibbonslaw.com

*Proposed Counsel to Official
Committee of Unsecured Trade Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**THE DIOCESE OF CAMDEN, NEW JERSEY,**<br>                      Debtor. | Hon. Jerrold N. Poslusny, Jr.<br><br>Chapter 11<br><br>Case No. 20-21257 (JNP)<br><br>**Hearing Date: Only if Objection is Filed.**<br>**Objection Deadline: February 21, 2025 at**<br>**4:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED TRADE CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GIBBONS P.C. AS ITS COUNSEL EFFECTIVE AS OF FEBRUARY 1, 2025**

The Official Committee of Unsecured Trade Creditors (the "Trade Committee") appointed in the chapter 11 case (the "Chapter 11 Case") of the above-captioned debtor and debtor in possession (the "Debtor") submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Gibbons P.C. ("Gibbons" or the "Firm") as its counsel pursuant to sections 328(a) and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"). In support of the Application, the Trade Committee submits the *Declaration of John S. Mairo, Esq., Pursuant to 28 U.S.C. § 1746, in Support of the Application of the Official Committee of Unsecured Trade Creditors for Entry of an Order Authorizing the Employment and Retention of Gibbons P.C. as its Counsel Effective as of February 1, 2025* (the "Mairo Declaration"), attached hereto as **Exhibit B**. In further support of the Application, the Trade Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider and grant the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157, and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated July 23, 1984 and amended September 18, 2012. The Trade Committee confirms its consent to the Court entering a final order in connection with the Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BACKGROUND

4. On October 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtor is operating its business

2

and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

5. On December 24, 2020, the Office of the United States Trustee filed a *Notice of Appointment of Official Committee*, *see* ECF No. 293. The Trade Committee was comprised of the following three members: (i) Porter & Curtis, LLC; (ii) Seton Hall University; and (iii) St. Mary's Villa. On December 29, 2020, the Trade Committee selected, subject to approval by the Court, Porzio, Bromberg & Newman, P.C. ("Porzio") to serve as its counsel, which the Court approved on February 1, 2021. [ECF Nos. 347, 388]. The Trade Committee no longer has Seton Hall University as a member.

6. In January 2025, John S. Mairo (formerly of Porzio, counsel to the Trade Committee) joined Gibbons. The Trade Committee was advised of Mr. Mairo's departure.

7. The Trade Committee decided to have its representation continue with Mr. Mairo at Gibbons. Accordingly, the Trade Committee seeks authority to retain Gibbons as counsel in the Chapter 11 Case.

8. The undersigned understands that in January 2025, Porzio ceased performing services for the Trade Committee.

## RELIEF REQUESTED AND BASIS THEREFOR

9. By way of the Application, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, the Trade Committee respectfully requests entry of the proposed order attached hereto as **Exhibit A**, approving the employment and retention of Gibbons, effective as of February 1, 2025, as its counsel in connection with the Chapter 11 Case.

3

10. Gibbons has critical background knowledge and familiarity with the Chapter 11 Case because Mr. Mairo served as counsel to the Trade Committee while at Porzio. Retaining Gibbons as counsel will provide continuity. Moreover, Gibbons' attorneys have, over their respective careers, also represented several creditors' committees in many other major chapter 11 cases. Based on these facts, the Trade Committee is satisfied that Gibbons is qualified to serve as its counsel to assist the Trade Committee in fulfilling its fiduciary duties in the Chapter 11 Case.

11. Pursuant to section 1103(a) of the Bankruptcy Code, the Trade Committee requests that this Court approve the employment of Gibbons as its counsel to, among other things:

(a) advise the Trade Committee with respect to the Trade Committee's powers and duties under Bankruptcy Code section 1103;

(b) assist and advise the Trade Committee in its consultations with the Debtor in connection with the administration of this Chapter 11 Case;

(c) assist the Trade Committee in connection with any proposed chapter 11 plan or other disposition of this Chapter 11 Case;

(d) advise and represent the Trade Committee in connection with matters generally arising in this Chapter 11 Case;

(e) appear before this Court, and any other federal, state or appellate court;

(f) prepare, on behalf of the Trade Committee, any pleadings, including without limitation, motions, memoranda, complaints, objections, and responses to any of the foregoing; and

(g) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Trade Committee in accordance with the Trade Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

3191317.1 118622-112706

12. Gibbons has advised the Trade Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative compensation order entered in the Chapter 11 Case. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services of this nature are performed by the attorneys, legal assistants and staff who may be called upon to provide services to the Trade Committee. The Firm's current hourly rates range from $275 for paralegals to $1,400 for the Firm's most senior partners. The current hourly rates for the Gibbons attorneys and paralegals that will be primarily involved in representing the Trade Committee are as follows:

| Timekeeper | Title | Hourly Rates | Discounted Rate (10%) |
|---|---|---|---|
| John S. Mairo | Director | $1,025 | $922.50 |
| Katharina Earle | Director | $ 825 | $742.50 |
| Kyle P. McEvilly | Associate | $ 525 | $472.50 |
| Neal Mitchell | Paralegal | $ 375 | $337.50 |

Gibbons has advised the Trade Committee that the Firm's hourly rates are subject to periodic adjustments, of which the Firm will provide notice. Additionally, due to the Debtor being a non-profit, Gibbons has advised the Trade Committee that the Firm's hourly rates will be discounted by 10%.

13. Consistent with the Firm's policy with respect to its other clients, Gibbons will charge the Debtor's estate for all charges and disbursements incurred in rendering services to the Trade Committee. These customary items include, among other things, photocopying, facsimiles, actual out-of-pocket expenses for travel, lodging, and business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately.

14. Based upon the Mairo Declaration filed contemporaneously herewith, the Trade Committee is satisfied that (i) Gibbons does not hold or represent an adverse interest in connection with the Chapter 11 Case, and that its employment is in the best interest of the Debtor's estate and its creditors, (ii) Gibbons has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, and (iii) Gibbons has not been paid any retainer against which to bill fees and expenses. To the best of the Trade Committee's knowledge, Gibbons has no connection with creditors or any other party in interest except as otherwise disclosed in the Mairo Declaration.

15. *Nunc pro tunc* to February 1, 2025 relief is warranted with respect to Gibbons' retention. The Firm has been diligent since its selection by the Trade Committee in preparing and prosecuting its Application in a timely manner under the circumstances of the Chapter 11 Case.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

16. Gibbons intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case, subject to approval of the Court and in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Gibbons. Gibbons also intends to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Gibbons in the Chapter 11 Case.

**NOTICE AND NO PRIOR REQUEST**

17. Notice of the Application is being provided to (i) the U.S. Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Lauren Bielskie, Esq. and Jeffrey M. Sponder, Esq; (ii) counsel for the Debtor, Trenk Isabel Siddiqi & Shahdanian P.C., c/o Robert S. Roglieri, Esq. (rroglieri@trenkisabel.law) and Richard D. Trenk, Esq. (rtrenk@trenkisabel.law), 290 W. Mount Pleasant Avenue, Suite 2370, Livingston, NJ 07039; and Cooper Levenson, P.A., c/o Lloyd D. Levenson, 1125 Atlantic Avenue, 3rd Floor, Atlantic City, New Jersey 08404-1125; (iii) Ms. Laura J. Montgomery, as the officer designated by the Debtor to be responsible for such matters, 631 Market Street, Camden, New Jersey 08102; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the District of New Jersey; (vi) counsel for the Tort Claimants Committee, Lowenstein Sandler LLP, c/o Jeffrey P. Prol, Esq. (jprol@lowenstein.com), One Lowenstein Drive, Roseland, New Jersey 07068; and (vii) all parties having formally requested notice pursuant to Bankruptcy Rule 2002 via the Court's CM/ECF system. The Trade Committee respectfully submits that, in light of the nature of the relief requested, no further notice is necessary or required.

18. No prior request for the relief sought in the Application has been made to this Court or any other court.

**WHEREFORE**, the Trade Committee hereby respectfully requests that it be authorized to retain and employ Gibbons P.C. as its counsel, effective as of February 1, 2025, that Gibbons be paid such compensation as may be allowed by this Court in accordance with sections 330 and 331

of the Bankruptcy Code, and that the Trade Committee be awarded such other further relief as is deemed just and proper.

Dated: February 14, 2025

**The Official Committee of Unsecured Trade Creditors of The Diocese of Camden, New Jersey**

By: */s/ Joanne Lipsky*
    Name: Joanne Lipsky
    Organization: St. Mary's Villa

By: */s/ William Curtis*
    Name: William Curtis
    Organization: Porter & Curtis LLC